### LADD et al. v. OXNARD.

#### (Circuit Court, D. Massachusetts. April 16, 1896.)

#### No. 707.

1. APPLICATION FOR PRELIMINARY INJUNCTION.

It seems that, on an application for an interlocutory injunction, where defendant claims that the bill on its face is demurrable, he is entitled to the advantage of all the questions which could be raised upon demurrer; for the court will not grant an interlocutory injunction on a bill which it sees clearly could not be sustained on demurrer.

2. COPYRIGHT—PROTECTION OF STATUTES.

It may well be questioned whether the fact that one has not published, and the consequential fact that he has a remedy at common law, will deprive him of a concurrent remedy under the copyright statutes, when he has complied with all the requirements for obtaining a copyright.

3. SAME—WHAT IS A "PUBLICATION."

The issuance to subscribers, without count as to number, of a book of credit ratings and the financial standing of persons and firms engaged in a particular line of business, upon a stipulation that the same is merely loaned to the subscriber, and not sold, and that, if found in any other hands than those entitled to use it by permission of the publishers, the latter may take possession of it, and annul all rights of the subscriber, is a publication, sufficient to give the compilers a right to the protection of the copyright statutes, where they have taken the necessary steps to secure a copyright.

4. SAME—DEPOSIT OF COPIES—EVIDENCE.

Where it appears beyond doubt that complainants forwarded advance copies so early that the respondent could not possibly be prejudiced by any alleged delay therein, the court will not require any very direct proof that such copies were seasonably deposited in the mail, and it will be sufficient

if it is satisfied that the balance of probabilities, as shown by the evidence, is in favor of the complainants.

5. SAME—WHAT WILL BE PROTECTED—COMPILATIONS OF CREDIT RATINGS.
A book of credit ratings and financial standing of parties engaged in a particular line of business throughout the United States and Canada, containing information collected from original sources, by interviews and correspondence with persons acquainted with the particular trade, is entitled to protection under the copyright statutes.

6. SAME—INFRINGEMENT.
Where a very large proportion of a copyrighted compilation is plagiarized, it is immaterial that the defendant has done considerable work in the nature of corrections and additions thereto.

7. PRELIMINARY INJUNCTIONS—WHEN GRANTED.
When the result of a preliminary injunction is not simply to preserve the status quo, but (as often happens in copyright and patent cases) would operate to suspend temporarily the entire business of defendant, or so break it up as to result in permanent destruction, the court will ordinarily look for support of the complainant's case, either in long acquiescence by the public, or in some prior adjudication, or some other special matter. In view of the mischief that may sometimes be done by the granting of such an injunction by a single judge, the rule should be that a temporary injunction should never be granted in a case of new impression, if it be possible to effectuate justice in any other way. And the fact that the act establishing the circuit courts of appeal authorizes an appeal from an order granting such an injunction does not change the duty of the circuit courts in this respect.

8. SAME—ENJOINING INFRINGEMENT OF COPYRIGHT.
Where there was a clear infringement of a copyrighted compilation of the credit ratings and financial standing of persons engaged in a particular business, *held* that, in view of the fact that publications of this character depend for acceptance on the reputation of the compilers and publishers, so that defendant's book would presumably not obtain much circulation to the prejudice of complainants, a preliminary injunction would only be granted in the event of the failure of defendant to file by a date fixed a bond in a specified penal sum conditioned for the payment of any damages ultimately decreed against him.

This was a suit in equity by David M. Ladd and Albert M. Hunt, co-partners doing business under the name of United Mercantile Agency, against Edward P. Oxnard, for alleged infringement of a copyright. The complainants, beginning with the year 1890, have published annually a book, entitled the "United Mercantile Agency Credit Ratings," which contains credit ratings and the financial standing of marble, granite, and stone dealers and manufacturers in the United States and Canada. About November, 1895, the defendant, under the name of the Marble & Granite Exchange Mercantile Agency Company, published a book of reference, entitled "The Blue Book of the Marble & Granite Exchange Mercantile Agency," which also contained credit ratings, etc., of marble, granite, and stone dealers in the United States and Canada. Complainants allege that this book was an infringement upon their publications, and especially upon the edition of their work published in June, 1894; and the cause is now heard upon their application for an interlocutory injunction.

Upon the question of infringement the evidence consisted of affidavits, mainly, by the complainants and by the defendant and his son. The chief affidavit in support of the motion was made by complainant David M. Ladd, and is here set out in full:

### Affidavit of David M. Ladd.

[Filed February 6, 1896.]

#### United States of America, District of Massachusetts.

On this sixth day of February, A. D. 1896, before me personally appeared David M. Ladd, who, being by me duly sworn, deposes and says that he is one of the complainants in the above-entitled action; that he has during the past seven years had personal supervision and direction of the compiling, preparation, revision, and transcribing of the manuscript copy of each of the several editions of the United Mercantile Agency Credit Ratings for the Marble. Granite, and Stone Trade; that during that period his firm has continually had as subscribers, with one or two exceptions, all the leading manufacturers, quarriers, and wholesalers of marble and granite as used for both monumental and building purposes; that his firm and its representatives and agents have repeatedly consulted said subscribers with the aim and purpose in view of securing items of experience that would be of assistance in the revision and correction of said several editions of said Credit Ratings; and that from personal experience he has found it a matter of impossibility and impracticability to secure, from said individual subscribers or members of the wholesale trade, information, corrections, or changes of reliability or value to aid him in connection with the revision of said work, except as may have related to the particular customers or patrons of such individuals or concerns, which would necessarily and naturally be of limited number and a very small minority of all the firms and parties engaged in the various lines in the several states as included in said work. Said deponent further says that he had personal charge and supervision of the first edition of said Credit Ratings, issued in June, 1890, and that neither the compilation of that nor any of the several editions of the same work issued since that date have been or were compiled or revised from town or city directories or trade lists, but that the information and matter contained in said books were secured through special correspondents, agents, and representatives in all sections of the United States and Canada, and from direct correspondence with the retail dealers in marble, granite, and stone in the various towns and cities of the entire country; that the original answers to such direct correspondence with dealers, and the revised lists as sent in annually by said representatives, agents, and special correspondents, are now on file in the office of said complainants, and, in consequence, that if any instances occur where errors and misprints appear in both complainants' and respondents' books it cannot be explained or excused on the ground that both used the same common sources of information, unless it can be shown that complainants' agents and representatives and special correspondents also acted in the same capacity for said respondents. The deponent further says that he has made a careful comparison between the work issued by his firm in June, 1894, and the respondents' book, and that he finds that clerical errors and misspellings of his own making from the printed cards and letter headings and pen signatures of various dealers are reproduced in said respondents' book without change; that the names of parties who were never engaged in the marble, granite, or stone line, but whose names were inserted in Credit Ratings as detectives (or, in other words, for the purpose of enabling said complainants to discover infringements, should any be attempted) are also reproduced in the book of said respondents: that the names of towns correctly inserted in every standard atlas and gazetteer, but misspelled through error by said complainants in their book, also appear with like misspelling in the book of said respondents: that names wrongfully classified under towns of the same name in different states also appear reproduced without correction in said respondents' book, some of which are shown in the list or table herewith appearing, and further shown by the several letters and communications on file herewith, marked Exhibits A1 to Z, inclusive, and numbers 1 to 15, inclusive. The deponent further says that over ten thousand corrections and changes were made on the 1894 edition of Credit Ratings, as revised and issued in June, 1895, while said Blue Book, issued by respondents in November, 1895, is almost identical with the June, 1894, edition of Credit Ratings, issued seventeen months previously by the complainants, ex-

cept that a few corrections were made in Pennsylvania and one or two other states. The deponent further says that on the states of Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, and Georgia the substance of the 1894 book of Credit Ratings is reproduced in the Blue Book, with only five or six alterations and one addition; while in the 1895 edition of Credit Ratings, issued seven months in advance of the Blue Book, several hundred changes, additions, and discontinuances were made in the same states. The deponent further says that no edition of the Credit Ratings issued to date has contained less than eight thousand changes from the book of the previous year, and that no two editions of Credit Ratings, published in different years, bear such close resemblance or show such uniformity in composition and make-up as do the Blue Book of the respondents and the 1894 Credit Ratings issued by complainants. The deponent further says that each year, since 1889, he has personally devoted two-thirds of his entire time, working long hours and frequently evenings in the revision of this work, constantly employing, during that period, three assistants in writing and mailing correspondence and lists for revision. The said deponent further says that, in such comparison of said Blue Book with said Credit Ratings of 1894 as he has been able to make (which has been thorough in the above-mentioned states), he finds the similarities given in said lists or tables hereinafter appearing, as to the states of Alabama, Arizona, Arkansas, and California, and says that the same similarity appears as to the states of Colorado, Connecticut, Delaware, and Georgia; and from his examination of other states the deponent believes that a further specification would be simply to recopy both of said books, except that some changes appear in the states of Pennsylvania and Massachusetts. In the said list or table hereinafter appearing, the deponent has in some instances added, after the word "Note," a few words in explanation, and that the word "Note" and explanation following should not be taken as appearing in either of said books. And the deponent further says that the following are the letters, characters, and numerals, and their respective significations, as appearing in the said Blue Book and said Credit Ratings:

### CREDIT RATINGS.

#### TRADE CLASSIFICATIONS.

| | |
|---|---|
| G | Granite |
| M | Marble |
| Z | Worker |
| R | Retail. |
| Q | Quarry |
| H | Building |
| W | Wholesale |
| I | Interior |
| —* | Monumental |
| B | Stone. |

#### ESTIMATED WEALTH.

| | | | |
|---|---|---|---|
| 1 | $1,000,000 and above. | | |
| 2 | 500,000 | to | $1,000,000 |
| 3 | 400,000 | " | 500,000 |
| 4 | 300,000 | " | 400,000 |
| 5 | 250,000 | " | 300,000 |
| 6 | 200,000 | " | 250,000 |
| 7 | 150,000 | " | 200,000 |
| 8 | 100,000 | " | 150,000 |
| 9 | 75,000 | " | 100,000 |
| 10 | 50,000 | " | 75 000 |
| 11 | 35,000 | " | 50,000 |
| 12 | 20,000 | " | 35,000 |
| 13 | 10,000 | " | 20,000 |
| 14 | 5,000 | " | 10,000 |
| 15 | 3,000 | " | 5,000 |
| 16 | 2,000 | " | 3,000 |
| 17 | 1,000 | " | 2,000 |
| 18 | 500 | " | 1,000 |
| 19 | 0 | " | 500 |
| 20 | 0 | | |

### BLUE BOOK.

#### KEY OF TRADES.

| | |
|---|---|
| M | Marble |
| G | Granite |
| S | Stone |
| W | Worker |
| X | Wholesale |
| R | Retail |
| Q | Quarry |
| B | Building |
| I | Interior |
| + | Monumental. |

#### KEY OF RATINGS.

| | | | |
|---|---|---|---|
| AA | $1,000,000. | | |
| A | 300,000 | to | $500,000 |
| C | 100,000 | " | 300,000 |
| D | 75,000 | " | 100,000 |
| E | 40,000 | " | 75,000 |
| F | 20,000 | " | 40,000 |
| H | 10,000 | " | 20,000 |
| J | 5,000 | " | 10,000 |
| K | 2,500 | " | 5,000 |
| L | 1,500 | " | 2,500 |
| N | 600 | " | 1,500 |
| P | 1 | " | 600 |
| 1 | First-Class Pay | | |
| 2 | Prompt Pay | | |
| 3 | Fair Pay | | |
| 4 | Moderate Pay | | |
| 5 | Investigate Pay. | | |

And said deponent submits the following list or table:

| CREDIT RATINGS. | | BLUE BOOK. | |
|---|---|---|---|
| **ALABAMA.** | | **ALABAMA.** | |
| Anninston Calhoun. | | Anniston, Calhoun Co. | |
| *M — Jewell, W. P. & Co. | 15 F. | GM+ Jewell, W. P. & C. I. | K 3 |
| Birmingham Jefferson | | Birmingham Jefferson Co. | |
| MB — Alabama Marble & Stone Co. (Cap. paid in $12,300.) | | GMS — Alabama Marble and Stone Co. (cap. paid in $12,300.) | |
| ᴸM — Birmingham Marble Works (See Thos. H. Holt) | | GM+ Birmingham Marble Works (See Thos. H. Holt) | |
| *M Holt, Thos. H. | 17 F | GM+ Holt, Thos. H. | L 3 |
| Calera Shelby | | Calera, Shelby Co. | |
| ᶜM Evans, Samuel J., | 20 | GM+ Evans, Samuel J. | 5 |
| Decatur Morgan | | Decatur, Morgan Co. | |
| ᶜM Hummel, J., | 20 J | GM+ Hummel, J | 5 |
| ᶜM Stewart, W. P., | 19 J | GM+ Stewart, W. P. | P 4 |
| Eufaula Barbour | | Eufaula, Barbour Co. | |
| ᴸM Tansey, James, | 13 E | GM+ Tansey, James | H 3 |
| Florence Lauderdale | | Florence, Lauderdale Co. | |
| *M Eldred, C. B. | 17 J | GM+ Eldred, C. B | L 3 |
| ˢM Florence Marble Works (See C. B. Eldred) | | GM+ Florence Marble Works, (See C. B. Eldred) | |
| Fort Payne De Kalb | | Fort Payne, De Kalb Co. | |
| ᶜM Little, N. B. | 19 K | GM+ Little, N. B. | P 4 |
| Gadsden Etowah | | Gadsden, Etowah Co. | |
| ᶜM Darnell, M. S. & Co. | | GM+ Darnell, M. S. & Co. | |
| Hartsell's Morgan | | Hartsell's, Morgan Co. | |
| ᶜM Moore, & Stinson | 19 J | GM+ Moore & Stinsom | P 4 |

Note. W. S. Stinson had succeeded Moore & Stinson. (See 1895 Credit Ratings.)

| CREDIT RATINGS | | BLUE BOOK | |
|---|---|---|---|
| Huntsville Madison | | Huntsville, Madison Co. | |
| ᶜM Bakers & Conway | 14 E | GM+ Bakers & Conway | J 3 |
| ᶜM Hummell, Schaake & Co. | J | GM+ Hummell, Schaake & Co. | 5 |

Note. J. F. Hummel & Sons had succeeded Hummell, Schaake & Co. (See Exhibit A1 and error in spelling.)

| CREDIT RATINGS | | BLUE BOOK | |
|---|---|---|---|
| Isbell Franklin (Atty. Sheffield, 24 Miles) | | Isbell, Franklin Co. (Atty. Sheffield 25 miles) | |
| BQ Isbell Quarry Co. | | SQ Isbell Quarry Co. | |
| Jacksonville Calhoun | | Jacksonville, Calhoun Co. | |
| *M Jacksonville Marble Works (See S. F. Lively) | | GM+ Jacksonville Marble Works (See S. F. Lively) | |
| ᶜM Lively, S. F | | GM+ Lively, S. F. | 4 |

Note. Calvin Wright had started new at Jasper, before June 1, 1895.

| CREDIT RATINGS | | BLUE BOOK | |
|---|---|---|---|
| Mobile Mobile | | Mobile, Mobile Co. | |
| M McDonald, March & Co. 158 North Royal St. | 10 D | GM+ McDonald, March & Co. 158 North Royal St. | E 2 |
| ᶜM Mobile Marble Works (See McDonald, March & Co.) | | GM+ Mobile Marble Works (See McDonald, March & Co.) | |
| Montgomery Montgomery | | Montgomery, Montgomery Co. | |
| ᶜM Curbow-Clapp Marble Co. | 14 E | GM | Curbow-Clapp Marble Co. | J 3 |
| Opelika Lee | | Opelika, Lee Co. | |
| ᶜM Kinney, Geo. | 19 J | GM+ Kinney, Geo. | P 4 |
| Rockwood Franklin | | Rockwood, Franklin Co. | |
| BQ Fossick, T. L. Co. (Inc.) (See Sheffield) | | SQ Fossick, T. L. Co. (Inc.) (See Sheffield) | |
| Selma Dallas | | Selma, Dallas Co. | |
| ᶜM Montgomery, J. N. & Son | 14 E | GM+ Montgomery, J. N. & Son | J 2 |
| Sheffield Colbert | | Sheffield, Colbert Co. | |
| BQ Fossick, T. L. Co. (Inc.) (cap. paid in $150m) | D | SQ Fossick, T. L. C., (inc.) (Cap. paid in $150m) | 3 |

Note. T. L. Fossick Co. should read (See Rockwood) after name.

| CREDIT RATINGS | | BLUE BOOK | |
|---|---|---|---|
| Talladega Talladega | | Talledaga, Talledaga Co. | |
| ᶜM Taylor, Lafayette, | 18 F | GM+ Taylor, Lafayette | N 2 |

Note. At Tuscaloosa James Gaudin and Wildman & Gardner had started new (see Exhibit B), and T. H. Wildman had succeeded before Oct. 13, 1895.

| CREDIT RATINGS | | BLUE BOOK | |
|---|---|---|---|
| **ARIZONA.** | | **ARIZONA.** | |
| Flagstaff Yavapai | | Flagstaff, Yavapai Co. | |
| B Arizona Sandstone Co. (See Los Angeles, Cal.) | | S Arizona Sandstone Co. (See Los Angeles, Cal.) | |
| B English & Padgham | 19 J | S English & Padgham | P 4 |

Note. W. H. Smith had started new before June 1, 1895.

## CREDIT RATINGS.

### ARIZONA—Continued.

Phœnix   Maricopa
*M  Bliss & Ligier                        18 F
M  Cohise Marble & Onyx Co.
*M  Gregory, J. M.                         13 E
M  Phœnix Marble & Stone Co.
(Cap. $50m.)

## BLUE BOOK.

### ARIZONA—Continued.

Phœnix, Maricopa Co
GM+  Bliss & Ligier                       N 4
GM+  Cohise Marble & Onyx Co.
GM+  Gregory, J. M.                        N 3
GM  Phœnix Marble & Stone Co.
(Cap. $50m)

Note.  L. R. Ligier had succeeded Bliss & Ligier before June 1, 1895.

Prescott   Yavapai
*M  Mair, Jacob,
Tombstone  Cochise
*M  Ritter & Taylor                        20 J

Prescott, Yavapai Co.
GM+  Mair, Jacob,
Tombstone, Cochise Co.
GM+  Ritter & Taylor                       4

### ARKANSAS.

Batesville   Independence
BQ  Bartlett, Jesse M.                      17 J
BZ  Cone, J. C.
BZ  Joblin Frank,                           19 J
*M  Wiebusch, H. J.                         19 J

### ARKANSAS.

Batesville, Independence Co.
SQ  Bartlett, Jesse M.                     L 4
SW  Cone, J. C.
SW  Joblin, Frank                          P 4
GM+  Wiebusch, H. J.                       P 4

Note.  Jesse M. Bartlett and J. C. Cone had discontinued June 1, 1895.

Bentonville   Benton
*M  Holland & Pearson
*M  McWhirter & Corley

Bentonville, Benton Co.
GM+  Holland & Pearson
GM+  McWhirter and Corley

Note.  Corley & Backus had succeeded Holland & Pearson, McWhirter Bros. had succeeded McWhirter & Corley before June 1, 1895.

Camden   Oauchita
*M  Camden Marble Works
(See C. A. Weller)
*M  Weller, C. A.

Camden, Oauchita Co.
GM+  Camden Marble Works
(See C. A. Weller)
GM+  Weller, C. A.

Note.  Weller & Wilson had succeeded C. A. Weller before June 1, 1895.

Clarendon   Monroe
*M  Rawlings, Tucker W.                     19 J
Clarksville   Johnson
*M  Caldwell, Zach.

Clarendon, Monroe Co.
GM+  Rawlings, Tucker W.,                  P 4
Clarksville, Johnson Co.
GM+  Caldwell, Zach.

Note.  Zach. Caldwell discontinued business before June 1, 1895, and Rufus Norton and Henry L. Bunch had started in business before said date.

Dardanelle   Yell
*M  Bennett, & Urmston                      18 J
Eureka Springs   Carroll
*M  Abbey, M. A.                            J
*M  Eureka Onyx Co.
(Cap. paid $20m)
Fayetteville   Washington
BQ  Morley, Albert H.                       20 K

Dandanelle, Yell Co.
GM+  Bennett & Urmston                     N 4
Eureka Springs, Carroll Co.
GM+  Abbey, M. A.                          4
GM+  Eureka Onyx Co.
(Cap. paid in $20m.)
Fayetteville, Washington Co.
SQ  Morley, Albert H.                      5

Note.  Before June 1, 1895, William Davenport had started new, and Albert H. Morley had admitted his son, changing the style to A. H. Morley & Son.

Fort Smith   Sebastian
*M  Daley, Farrell                          19 J
400 Towson ave
*M  Fort Smith Marble Works
(See Smith & Tobey)

*M  Smith & Tobey                           15 E
911 Garrison ave
Hope   Hempstead
*M  Welcome, Wm. W.

Fort Smith, Sebastian Co
GM+  Daley, Farrell                        P 4
400 Towson Ave
GM+  Fort Smith Marble Works
Inc. 200M
(See Smith & Tobey)
GM+  Smith & Tobey                         3
911 Garrison Ave
Hope, Hempstead Co.
GM+  Welcome, Wm. W.

Note.  W. L. Warmack had started before June 1, 1895.

Hot Springs   Garland
*M  Hill, Theodore,                         19 J
121 Oauchita St.
Jonesborough   Craighead
*M  Taylor, Dempsey,                        19 J

Hot Springs, Garland Co.
GM+  Hill, Theodore                        P 4
121 Oauchita St.
Jonesboro, Craighead Co.
GM+  Taylor, Dempsey                       P 4

Note.  E. Stull succeeded Dempsey Taylor before June 1, 1895.

## CREDIT RATINGS.

### ARKANSAS—Continued.

**Little** Rock  Pulaski
**BQ** Arkansas Stone Co.
    (Inc.) 224 West 2d st.
GQ Braddock, J. S.
316 W. Markham st.
M Funston, William L.       18 J
GQ Little Rock Granite Co.
208 West Markham st.
    (Inc. cap., 100m.)

Note. The Little Rock Granite Co. forfeited its charter before **June 1, 1895.**

Nashville  Howard
M Price & Sons
Newport  Jackson
M Drummond, A.      18 F

Note. Our printer dropped the initial B in name of A. B. **Drummond.**

Ozark  Franklin
M McWhirter, L. D.

Note. Before June 1, 1895, L. D. McWhirter removed to Bentonville, **and** joined McWhirter Bros.

Paragould  Greene
M Mason, C. H.

Note. C. H. Mason discontinued business before June 1, 1895.

Pine Bluff  Jefferson
G Cook, John, 205 Main st.
M Westbrook & Sheppard    15 F

Note. Respondents insert John Cook twice, once properly classified with street address, and once wrongly classified without street address. He had discontinued business before June 1, 1895.

Prairie Grove  Washington
    (Atty. Fayetteville 12 miles)
M Dorman & Baggett
Rogers  Benton
M Pearson, J. M.    19 J
Russellville  Pope
M Elgin, T. H.    19 J
M Russellville Marble Works
    (See T. H. Elgin)
Searcy  White
M McAdams, F. W.
M Sewell, F. P. & Co.

Note. Backus & Thompson succeeded F. W. McAdams before **June 1,** 1895.

Sugar Loaf  Sebastian
M Mose, John,

Note. John Mose discontinued business before June 1, 1895.

Texarkana  Miller
M Smith, Jacob L.    19 J
511 Broad st.
M Texarkana Marble Works
    (See Jacob L. Smith)
Van Buren  Crawford
M Mitchell, Aaron L.    19 J

Note. T. M. Mitchell succeeded Aaron L. Mitchell before **June 1, 1895, and** E. H. Hicks started new previous to that date.

Willcockson  Newton
M Randolph, Lee,

### CALIFORNIA.

Angel's Camp  Calaveras
    (Atty. Stockton)
M Taylor, Allen    17 J
Bakersfield  Kern
M Niedoraur, Jacob,    12 E

Note. B. K. Stone succeeded Jacob Niedoraur before June 1, 1895.

## BLUE BOOK.

### ARKANSAS—Continued.

Little Rock, Pulaski Co.
SQ Arkansas Stone Co.
    (inc.) 224 West 2d St.
GQ Braddock, J. S.
316 W. Markham st.
GM+ Funston, William L.    N 4
GQ Little Rock Granite Co.
208 West Markham St.
    (inc. cap. $100m)

Nashville, Howard Co.
GM+ Price & Sons
Newport, Jackson Co.
GM+ Drummond, A.,    N 4

Ozark, Franklin Co.
GM+ McWhirter, L. D.

Paragould, Greene Co.
GM+ Mason, C. H.

Pine Bluff, Jefferson Co.
G+ Cook, John, 205 Main St.
GM Westbrook & Sheppard    K 3
GM Cook, John

Prairie Grove. Washington Co.
    (Attorney Fayetteville 12 miles)
GM+ Dorman & Baggett
Rogers, Benton Co.
GM+ Pearson, J. M.    P 4
Russellville, Pope Co
GM+ Elgin, T. H.
GM+ Russellville Marble Works
    (See T. H. Elgin)
Searcy  White Co
GM+ McAdams, F. W.
GM+ Sewell, F P. & Co.

Sugar Loaf, Sebastian Co.
GM+ Mose, John,

Texarcana, Miller Co.
GM+ Smith, Jacob L.    P 4
511 Broad St.
GM+ Texarcana Marble Works
    (See Jacob L. Smith)
Van Vuren, Crawford Co.
G+ Mitchell, Aaron L.    P 4

Willcockson, Newton Co.
GM+ Randolph, Lee,

### CALIFORNIA.

Angel's Camp, Calaveras Co.
    (Attorney Stockton)
GM+ Taylor, Allen,    L 4
Bakersfield, Kern Co.
GM+ Niedoraur, Jacob,    F 2

| CREDIT RATINGS. | | | BLUE BOOK. | | |
|---|---|---|---|---|---|
| CALIFORNIA—Continued. | | | CALIFORNIA—Continued. | | |
| Chico  Butte | | | Chico, Butte Co. | | |
| *Z Robie, William, | 15 | F | GM Robie, William, | | K 3 |
| Colma  San Mateo | | | Colma, San Mateo Co. | | |
| *M Barrett, B. J. & Co. | | J | GM-|- Barrett, B. J. & Co. | | 5 |
| *M Dineen, B., | | J | GM-|- Dineen, B., | | 5 |
| *M. Mullaney, P. D. | | J | GM-|- Mullaney, P. D. | | 5 |
| *M Ziglio, David, | | F | GM-|- Ziglio, David, | | 4 |

Note.  B. J. Barrett & Co. discontinued business before June 1, 1895.

| Coloma  El Dorado | | | Coloma, El Dorado Co. | | |
|---|---|---|---|---|---|
| *M Hanna, Adam | 16 | F | GM-|- Hanna, Adam | | K 3 |

Note.  The name of Adam Hanna appeared under Coloma through clerical error, and should appear under Colma.

| Colton  San Bernardino | | | Colton, San Bernardino Co. | | |
|---|---|---|---|---|---|
| B California Marble & Building Stone Co. (Inc.) | | | B California Marble & Building Stone Co. (Inc.) | | |
| *M Hubbard, W. L. | | | GM-|- Hubbard, W. L | | |
| *M Martin, W. G. | 18 | J | GM-|- Martin, W.-G. | | N 4 |
| Columbia  Tuolumne | | | Columbia, Tuolumne Co. | | |
| *M McNamee, John, | | | GM-|- McNamee, John | | |
| Colusa  Colusa | | | Colusa, Coluse Co. | | |
| GZ Frank, Joseph, | 19 | J | GW Frank, Joseph, | | P 4 |
| *M Martin & Gardner | | J | GM-|- Martin & Gardner | | 4 |
| Davisville  Yolo | | | Davisville, Yolo Co. | | |
| *M Lichtfers, Philip, | 19 | J | GM-|- Lichtfers, Philip, | | P 4 |
| Declezville  San Bernardino | | | Declezville, San Bernardino Co. | | |
| *M Los Angeles Marble & Granite Works. | | | GM-|- Los Angeles Marble & Granite Works. | | |
| East Los Angeles  Los Angeles. (See Los Angeles) | | | East Los Angeles, Los Angeles Co. (See Los Angeles) | | |
| Eureka  Humboldt | | | Eureka, Humboldt Co. | | |
| *M O'Neil, John, | 17 | J | GM-|- O'Neil, John | | L 3 |
| Fresno  Fresno | | | Fresno, Fresno Co. | | |
| *M Doyle Bros. | 16 | F | GM-|- Doyle Bros. | | K 3 |
| *M McKay, J. S. | | J | GM-|- McKay, J. S. | | 4 |

Note.  Corney & McKay succeeded J. S. McKay before June 1, 1895.

| Grass Valley  Nevada | | | Grass Valley, Nevada Co. | | |
|---|---|---|---|---|---|
| *G Ahearn, Thomas J. & Alex J. | 18 | F | G-|- Ahearn, Thos. J. & Alex. J. | | N 4 |
| *M Lord James H | 20 | J | GM-|- Lord, James H. | | 4 |

Note.  Thomas J. Ahearn purchased the interest of Alex. J. Ahearn before June 1, 1895, and continued alone.

| Halleck  San Bernardino (Atty. San Bernardino 48 miles) | | | Halleck, San Bernardino Co. (Attorney San Bernardino 48 miles) | | |
|---|---|---|---|---|---|
| *M Lemon, C. S. | 19 | J | GM-|- Lemon, C. S. | | P 4 |
| M, Wyman, Gruendike & Co. | | E | GM Wyman, Gruendike & Co. | | 2 |
| Hanford  Tulare | | | Hanford, Tulare Co. | | |
| *M Johnston, W. A. | | | GM-|- Johnston, W. A. | | |
| *M Ragan, C. K. | 13 | E | GM-|- Ragan, C. K. | | H 2 |

Note.  C. K. Ragan went into insolvency previous to June 1, 1895.

| Haywards  Alameda | | | Haywards, Alameda Co. | | |
|---|---|---|---|---|---|
| *M Jackson, T. B. | | | GM-|- Jackson, T. B. | | |
| Healdsburg  Sonoma | | | Healdsburg, Sonoma Co. | | |
| *M Fisher & Kinslow | 13 | E | GM-|- Fisher and Kinslow | | H 2 |
| (See Santa Rosa) | | | (See Santa Rosa) | | |
| Lincoln  Placer | | | Lincoln, Placer Co. | | |
| BG Coffey, T. L. | 18 | J | SG Coffey, T. L. | | N 4 |
| *M Grimes & Co. | | F | GF-|- Grimes & Co. | | 4 |
| *M Jetter Thos. W., | | J | GM-|- Jetter, Thos. W. | | 4 |

Note.  T. L. Coffey discontinued business before June 1, 1895.

| Livermore  Alameda | | | Livermore, Alameda Co. | | |
|---|---|---|---|---|---|
| *M Keily, Edward, | 14 | E | GM-|- Keily, Edward | | J 3 |
| Los Angeles  Los Angeles | | | Los Angeles, Los Angeles Co. | | |
| B Arizona Stone Works (See H. C. Clement & Co.) | | | S Arizona Stone Works (See H. C. Clement & Co.) | | |
| BZ Clement, H. C. & Co. | 19 | J | SW Clement, H C. & Co. | | P 4 |
| Santa Fe Ave. | | | Santa Fe Ave. | | |
| *M Declez Granite Co. (inc.) | | E | GM-|- Declez Granite Co. (Inc.) | | 2 |
| 114 N. Los Angeles st. | | | 114 N. Los Angeles St. | | |
| *M Lane Bros. | 14 | J | GM-|- Lane Bros. | | J 3 |
| 519 S. Main st. | | | 519 S. Main St. | | |

## CREDIT RATINGS.

### CALIFORNIA—Continued.

*M  Messerly, A. E.  19 J
719 N. Main st.
*M  Murray, Wm. M.  19 J
722 Grand ave.
Los Angeles.
GM  Pacific Granite & Marble Co.,
931 East 1st st.  13 E
MG  Southern California Marble & Granite
Works, (See Lane Bros.)
MQ  Victor Marble & Granite Co.
227 West 1st st.  J
BZ  Ward, Frank F.
141 West 23d st.

Note. Before June 1, 1895, Brown & Ford had started. M. Craig had started (see Exhibit D). A. E. Messerly had discontinued. Weifenbach Granite Co. had started.

Marysville, Yuba
*M  Condon, David  20
*M  Plymire, W. H.

Note. Before June 1, 1895, George H. Voss had started.

Merced, Merced
*M  Delong, A.  19 E
Napa City, Napa
*M  Kelly, P.  15 E
*M  Newman & Wing  17 F
Oakland, Alameda
*M  Amador Marble Co. (inc.)  D
Piedmont.
MG  American Granite & Marble Works (See
A. W. Combs)
*M  Combs, Angus W.,  J
468 9th St.
*M  Dinneen, Michael,  F
717 78th st.
*M  Dwyer, Daniel,  18 F
Booth, near Broadway
*M  Gross, William,  19 F
1340 Kirkham st.
Oakland
*M  Kelly, James F.  16 F
7th and Brush sts.
*G  Oakland Marble & Granite Works, (See
Michael Dinneen)
BZ  Perine, William D.,  19
457 9th st.
Oakland.
G  Rocklin Granite Co.  E
(see Rocklin)
Penryn Placer
*M  Griffith, David,  F

Note. David Roberts started new before June 1, 1895.

Petaluma  Sonoma
*M  Evans, E. W. M.  F
Pino Placer
(Atty. Auburn 10 miles)
GQ  Carlaw Bros.
(See Sacramento)
GQ  Healy, M. J. & Co.  16 F
Placerville  El Dorado
*M  House, John L.,
Red Bluff  Tehama
*M  Masterson, D. E.  18 J
Redding  Shasta
*M  Bentley & Brown  J
*M  Redding Marble Co.  J

Note. F. A. Plymire succeeded Bentley & Brown before June 1, 1895.

Riverside  San Bernardino
MZ  Squire, Mrs. Stephen,  18 E
M  Stone Bros.
(See San Bernardino)
Rocklin  Placer
G  Allen, Ira P.,

## BLUE BOOK.

### CALIFORNIA—Continued.

GM-|- Messerly, A. E.  5
719 N. Main St.
GM-|- Murray, Wm. M.  P 4
722 Grand Ave.
Los Angeles.
GM  Pacific Marble & Granite Co.,
931 E. 1st St.
MC-|- Southern California Marble and Granite Works. (See Lane Bros.)
MQ  Victor Marble & Granite Co.
227 West 1st St.  3
SW  Ward, Frank F.,
141 West 23d St.

Marysville, Yuba Co.
GM-|- Condon, David  5
GM-|- Plymire, W. H.

Merced, Merced Co.
GM-|- Delong, A.  P 3
Napa City, Napa Co.
GM-|- Kelly, P.,  K 2
GM-|- Newman & Wing  L 4
Oakland, Alameda Co.
GM-|- Amador Marble Co. (Inc.)  1
Piedmont Ave.
MG  American Granite & Marble Works (See
A. W. Combs)
GM-|- Combs, Angus W.,  3
468 9th St.
GM-|- Dinneen, Michael  2
717 78th St.
GM-|- Dwyer, Daniel  N 4
Booth, near Broadway,
GM-|- Gross, William,  P 4
1340 Kirkham St.
Oakland.
GM-|- Kelly, James F.  K 3
7th and Brush Sts.
G-|- Oakland Marble & Granite Works (See
Michael Dinneen.)
GW  Perine, William D.  5
457 9th St.
Oakland.
G  Rocklin Granite Co.  6
(See Rocklin)
Penryn, Placer Co.
GM-|- Griffith, David  4

Petaluma, Sonoma Co.
GM-|- Evans, E. W. M.,  4
Pino, Placer Co.
(Attorney Auburn 10 miles)
GQ  Carlaw Bros.
(See Sacramento.)
GQ  Healy, M. J. & Co.  K 3
Placerville, El Dorado
GM-|- House, John L.
Red Bluff Tehama Co.
GM-|- Masterson, D. E.  N 3
Redding, Shasta Co.
GM  Bentley & Brown  3
GM-|- Redding Marble Co.  3

Riverside, San Bernardino Co.
MW  Squire, Mrs. Stephen  N 3
M-|- Stone Bros.
(See San Bernardino)
Rocklin, Placer Co.
G  Allen, Ira P.

| CREDIT RATINGS. | BLUE BOOK. |
|---|---|
| CALIFORNIA—Continued. | CALIFORNIA—Continued. |

| CREDIT RATINGS | | | BLUE BOOK | |
|---|---|---|---|---|
| *G | Degan, & Brady | | G+ | Degan & Brady |
| | (See San Francisco) | | | (See San Francisco) |
| GQ | Eureka Granite Co | | GQ | Eureka Granite Co. |
| G | Rocklin Granite Co. | | G | Rocklin Granite Co. |
| | (See Oakland) | | | (See Oakland) |

Note. Before June 1, 1895, Carroll Hoyt & Co. and Copp & Waters and Levi Fletcher had started, and P. Degan had succeeded Degan & Brady.

| CREDIT RATINGS | | | BLUE BOOK | |
|---|---|---|---|---|
| | St. Helena  Napa | | | St Helena, Napa Co. |
| ?M | Kelly, John J. | 19 J | GM+ | Kelly, John J. | P 3 |
| | Spring St. | | | Spring St. |
| | Sacramento  Sacramento | | | Sacramento, Sacramento Co. |
| *M | Aitken, Andrew, | 13 E | GM-|- | Aitken, Andrew, | H 2 |
| *M | Bo ne, William, | 13 F | GM-|- | Boyne, William | H 4 |
| MG | Carlaw Bros. | 15 F | MG+ | Carlaw Bros. | H 4 |
| | Sacramento | | | Sacramento |
| *M | Carroll, J. & Son | 17 J | GM-|- | Carroll, J. & Son, | L 3 |
| *M | Cranley, Prader & Co. | J | GM+ | Cranley, Prader & Co. | 4 |
| *M | Devine, J. H. | | GM-|- | Devine, J. H. |
| *M | Luce & Glover | 16 F | GM+ | Luce & Glover | K 3 |
| GM | Sacramento Granite & Marble Works | | GM-|- | Sacramento Granite and Marble Works |
| | (See Carlaw Bros.) | | | (See Carlaw Bros. |

Note. J. Carroll & Son became insolvent before June 1, 1895. J. H. Devine was a clerical error, and should have read J. C. Devine.

| CREDIT RATINGS | | | BLUE BOOK | |
|---|---|---|---|---|
| | San Bernardino  San Bernardino | | | San Bernardino, San Bernardino Co. |
| MZ | San Bernardino Marble & Granite Co. | | MW | San Bernardino Marble and Granite Co. |
| | (See Stone Bros.) | | | (See Stone Bros.) |
| *M | Stone Bros. | 16 F | GM-|- | Stone Bros. | K 2 |
| | San Diego. San Diego | | | San Diego, San Diego Co. |
| G | Clark-Rockfellow Granite Co. | | G | Clark-Rockfellow Granite Co. |
| | (Cap. paid in $5m.) | | | (Cap. paid in $5m) |
| MZ | San Diego Marble Works | | MW | San Diego Marble Works. |
| | (See Simpson & Pirnie) | | | (See Simpson & Pirnie) |
| MZ — | Simpson & Pirnie | 18 E | MW | Simpson & Pirnie | N 3 |
| | San Francisco  San Francisco | | | San Francisco, San Francisco Co. |
| WM | Allan, John D. | | XM | Allan, John D. |
| | (See Jones Bros. & Co.) | | | (See Jones Bros. & Co. |
| G | Barclay Bros. & Co. | E | G | Barclay Bros & Co. | 2 |
| MG | Brown, W. S. & Co. | F | MG | Brown, W. S. & Co. | 3 |
| | 1629 Mission st. | | | 1629 Mission St |
| BZ | California Marble & Building Stone Co. | E | SW | California Marble & Building Stone Co. | 2 |
| | (Inc.) | | | (Inc.) |
| | 216 Bush st. | | | 216 Bush St. |
| M | California Verde Antique Marble Co. (Inc.) | | GM | California Verde Antique Marble Co. |
| | 308 Pine st. | | | (inc.) |
| | | | | 308 Pine St. |
| MQ | Carrara Marble Quarry | | MQ | Carrara Marble Quarry, |
| | 1219 Market st | | | 1219 Market St. |
| MQ | Columbia Marble Co. | | MQ | Columbia Marble Co. |
| | 347 Brannan st | | | 347 Brannan St. |
| *M | Clark & Lloyd | F | GM-|- | Clark & Lloyd | 2 |
| | Harrison, near 13th st, | | | Harrison, near 13th St. |
| *M | Comuth, Edward | 12 E | GM-|- | Comuth, Edward | P 2 |
| | 12 Golden Gate ave. | | | 12 Golden Gate Ave. |
| *M | Daniel, John & Co. | 18 J | GM-|- | Daniel, John & Co. | N 4 |
| | Entrance Laurel Hill Cemetery. | | | Entrance Laurel Hill Cemetery. |
| *M | Davidson & Sons | | GM+ | Davidson & Sons |
| | 5 Mills Bldg. (See Chicago, Ill.) | | | 5 Mills Bldg. (See Chicago Ill.) |
| | San Francisco | | | San Francisco |
| BZ — | Degan & Brady | 16 E | SQ | Degan & Brady | K 3 |
| | East 11th st. | | | East 11th St. |
| *M | Dumontelle, Eugene | F | GM-|- | Sumontelle, Eugene, | 4 |
| | 523 5th st. | | | 523 5th St. |
| MZ | Flohr, Frederick, | J | MW | Flohr, Frederick, | 4 |
| | 1133 Mission st. | | | 1133 Mission St. |
| BZ | Gray Bros. Artificial Stone Paving Co. | | SW | Gray Bros. Artificial Stone Paving Co. |
| | (Inc,) | | | (inc.) |
| | 316 Montgomery st. | | | 316 Montgomery St. |
| *M | Haring, J. J. | F | GM | Haring, J. J. | 2 |
| | 115 Kearney st. | | | 115 Kearney St. |
| MZ | Hawthorne, C. R. | 15 E | MW | Hawthorne, C. R., | K 1 |
| | 3 Henderson ave. | | | 3 Henderson Ave. |
| MQ | Inyo Marble Co. (Inc.) | F | MQ | Inyo Marble Co. (Inc.) | 2 |
| | 13 Mills Bldg. | | | 13 Mills Bldg. |
| *M | Isham & Blanchard | J | GM-|- | Isham & Blanchard | 4 |
| | Ocean View | | | Ocean View |
| WG | Jones Bros. & Co. cor. Second and Brannan sts. (See Jones Bros., Boston, Mass. | | XG | Jones Bros. & Co., cor. Second and Brannan Sts. (See Jones Bros., Boston, Mass.) |

## CREDIT RATINGS.

### CALIFORNIA—Continued.

| | |
|---|---|
| *M Jones, Geo. H. | 13 E |
|   6 Flood Bldg. | |
| *M McCormick, W. H. | 12 E |
|   1422 Market st. | |
| *M MacNutt, A. H., | 16 F |
|   432 Bryant st. | |
| *M Maestretti, Frank A., | J |
|   206 Central ave. | |
| BZ Matthews, William & Co., | 11 E |
|   cor. Turk & Wood sts. | |
| *M Miller, Charles, | J |
| MZ Morris, Abraham, | 19 J |
|   216 5th st | |
| MZ Musto, Joseph, | 7 D |
|   713 Battery st | |
| MZ Myers, Leon R., | 19 J |
|   20 Gold st. | |
| *M Nunan, John J. | |
|   1734 Market st. | |
| *M Nutting, John F. | J |
| GZ Ocean View Granite Co. | |
|   (See Isham & Blanchard) | |
| *M Paltenghi, Andrew & Co., | 19 J |
|   1219 Market st. | |
|   San Francisco | |
| *M Pierce, John C. | |
|   216 Linden ave. | |
| *M Pierce, Patrick | |
|   23 Valencia st. | |
| *M Powers, E. J. | |
|   2328 Bush st. | |
| G Raymond Granite Co., | E |
|   Berry St. | |
| *M Rebstock, J. | 19 J |
|   408 Central ave. | |
| WM Rice, Marshall E., | |
|   37 Silva st (See Barre, **Vt.**) | |
| *M Roche, T. B. & Son, | 16 J |
|   16 Pearl st. | |
| MZ Roth, Maximilian, | 18 F |
|   434 Valencia st. | |
| *M Ruffino & Bianchi, | 9 D |
|   864 Bryant st. | |
| *M Sheerin, Daniel, | 13 E |
|   Broderick st. | |
| M Tempesti, Eugenio | 19 J |
|   1151 Mission st. | |
| WM Vermont Marble Co. | |
|   244 Brannan st. (See Proctor, **Vt.**) | |
| B Williams, Frank, | F |
|   17 Eddy st. | |

## BLUE BOOK.

### CALIFORNIA—Continued.

| | |
|---|---|
| GM+ Jones, Geo. H., | H 2 |
|   6 Flood Bldg. | |
| GM-|- McCormick, W. H. | D 2 |
|   1422 Market St. | |
| GM-|-MacNutt, A. H. | K 3 |
|   432 Bryant St. | |
| GM+ Maestretti, Frank A. | 4 |
|   206 Central Ave. | |
| SW Matthews, William & Co. | E 2 |
|   cor. Turk and Wood Sts. | |
| GM-|- Miller, Charles | 4 |
| MW Morris, Abraham, | P 3 |
|   216 5th St. | |
| MW Musto, Joseph, | C 2 |
|   713 Battery St. | |
| MW Myers, Leon R. | P 3 |
|   20 Gold St. | |
| GM+ Nunan, John J. | |
|   1734 Market St. | |
| GM-|- Nutting, John F. | 4 |
| GW Ocean View Granite Co. | |
|   (See Isham & Blanchard.) | |
| GM+ Paltenghi, Andrew & Co. | P 4 |
|   1219 Market St. | |
|   San Francisco | |
| GM-|- Pierce, John C. | |
|   216 Linden Ave. | |
| GM-|- Pierce, Patrick | |
|   23 Valencia St. | |
| GM+ Powers, E. J. | |
|   2328 Bush St. | |
| G Raymond Granite Co. | 3 |
|   Berry St. | |
| GM+ Rebstock, J., | P 3 |
|   408 Central Ave. | |
| XM Rice, Marshall E. | |
|   37 Silva St. (See Barre, **Vt.**) | |
| GM+ Roche, T. B. & Son, | K 4 |
|   16 Pearl St. | |
| MW Roth, Maximilian, | N 4 |
|   434 Valencia St. | |
| GM-|- Ruffini & Bianchi | D 2 |
|   864 Bryant St. | |
| GM-|- Sheerin, Daniel, | H 4 |
|   Broderick St. | |
| GM Tempestio, Eugenio, | P 3 |
|   1151 Mission St. | |
| XM Vermont Marble Co. | |
|   244 Brannan St. (See Proctor, **Vt.**) | |
| S Williams, Frank, | 3 |
|   17 Eddy St. | |

Note. John D. Allan is not engaged individually, but is the company of Jones Bros. & Co. He is our correspondent for the Pacific coast, and we insert his name as a matter of compliment. Before June 1, 1895, the following changes had taken place among San Francisco dealers: Barclay Bros. & Co., Frederick Flohr, Charles Miller, John J. Nunan, Marshall E. Rice, and Eugenio Tempesti had discontinued business. B. J. Barrett, H. O. Brown & Co., P. Donohoe, E. Leiss, Metlar Marble & Granite Co., A. E. Nichols, and C. H. Rodd & Co. had started in business. M. T. Carroll & Co. and J. Catto & Co. had also started new. P. Degan had succeeded Degan & Brady. J. R. Blanchard had succeeded Isham & Blanchard. George S. Matthews had succeeded William Matthews & Co. E. J. Powers was a clerical error, and should have read E. T. Powers. Lane Bros., of Los Angeles, had opened a branch office at 409 McAllister street. (See Exhibit E.)

| | | | | |
|---|---|---|---|---|
| San Jose | Santa Clara | | San Jose, Santa Clara Co. | |
| *M Barker, Bulman & Demecheli | | | GM+ Barker, Bulman & Demecheli | |
| *M Blanchard Wm. W. | | F | GM-|- Blanchard Wm W. | 3 |
| *M Brownell, Lyman A. | | 18 F | GM+ Brownell Lyman A. | N 3 |
| *M Combs, J. W. & Co. | | 18 J | GM-|- Combs, J. W. & Co. | N 3 |
| MZ Dunne, R. H. & Co. | | J | MW Dunne, R. H. & Co. | 4 |
| GM Western Granite & Marble Co. | | | GM Western Granite & Marble Co. | |
|   (Cap. paid in $75m) | | D |   (Cap. paid in $75m.) | 3 |

Note. J. W. Combs & Co. discontinued business before June 1, 1895.

| CREDIT RATINGS. | | BLUE BOOK. | |
|---|---|---|---|
| CALIFORNIA—Continued. | | CALIFORNIA—Continued. | |
| San Luis Obisbo  San Luis Obispo | | San Luis Obispo. San Luis Obispo Co. | |
| *M  Clark, A. | | GM+  Clark, A. | |
| *M  Robertson, Geo. W. | 15 F | GM+  Robertson, Geo. W. | K 2 |
| San Rafael  Marin | | San Rafael, Marin Co. | |
| *M  Corti, J. (sexton) | 19 J | GM-|- Corti, J. (sexton) | P 4 |

Note. This party has never been actively engaged in the marble or granite line. His name we insert as a catch or detective.

| | | | |
|---|---|---|---|
| Santa Ana  Orange | | Santa Ana, Orange Co. | |
| MZ  Jessen, John, | | MW  Jesse, John, | |

Note. Heil & Talbott started in business at this point before June 1, 1895.

| | | | |
|---|---|---|---|
| Santa Barbara  Santa Barbara | | Santa Barbara, Santa Barbara Co. | |
| *M  Frost, Samuel | | GM+  Frost, Samuel | |
| *M  Moore, S. T. | 18 F | GM+  Moore, S. T. | N 4 |
| MB  Squires & George | 18 F | MS  Squires & George | N 4 |

Note. W. L. Record had started in business at this point before June 1, 1895.

| | | | |
|---|---|---|---|
| Santa Cruz  Santa Cruz | | Santa Cruz, Santa Cruz Co. | |
| MZ  Belledeau, J. H. | J | MS  Belledeau, J. H. | 4 |
| *M  Thurber & Britt | 11 E | GM+  Thurber & Britt | E 2 |

Note. J. H. Belledeau was a clerical error in spelling, and should read J. H. Billedau. I. L. Thurber succeeded Thurber & Britt, and Henry A. Clark and William J. Harrington started new at this point before June 1, 1895.

| | | | |
|---|---|---|---|
| Santa Rosa  Sonoma | | Santa Rosa, Sonoma Co. | |
| *M  Fisher & Kinslow | 13 E | GM+  Fisher & Kinslow | H 4 |
| (See Healdsburg) | | (See Healdsburg) | |
| Sonora  Tuolumne | | Sonora, Tuolumne Co. | |
| *M  McCready, H. C., | | GM-|- McCready, H. C. | |

Note. This party discontinued business before June 1, 1895.

| | | | |
|---|---|---|---|
| Stockton  San Joaquin | | Stockton, San Joaquin Co. | |
| *M  Brennan & Walsh | 18 F | GM+  Brennan & Walsh | N 3 |
| *M  Dickson, Woodhull & Cramer | 15 F | GM-|- Dickson, Woodhill & Cramer | K 2 |
| *M  Johnson & Spellman | 18 F | GM+  Johnson & Spellman | N 2 |
| *M  Stockton Marble Works. (See Dickson, Woodhull & Cramer.) | | GM+  Stockton Marble Works. See Dickson, Woodhull & Cramer.) | |
| Tulare  Tulare | | Tulare, Tulare Co. | |
| *M  Bole, J. R. | 20 K | GM+  Bole, J. R. | 5 |
| *M  Lazenby, J. | | GM+  Lazenby, J. | |

Note. J. Lazenby discontinued business before June 1, 1895.

| | | | |
|---|---|---|---|
| Ukiah  Mendocino | | Ukiah, Mendocino Co. | |
| *M  Fisher & Kinslow | | GM+  Fisher & Kinslow | |
| (See Santa Rosa) | | (See Santa Rosa) | |
| Vallejo  Solano | | Vallejo, Solano Co. | |
| MZ  Doyle, Thomas M. | 17 F | MW  Doyle, Thomas M. | L 2 |
| MZ  Gottschalk, Charles | | MW  Gootschalk, Charles | |
| *M  Plymire, James A. & Sons | 17 J | GM-|- Plymire, James A. & Sons | L 3 |
| MG  Vallejo Marble & Granite Works (See Jas. A. Plymire & Sons) | | MG  Vallejo Marble & Granite Works (See Jas. A. Plymire & Sons) | |

Note. Before June 1, 1895, James A. Plymire & Sons discontinued business, one of the sons (F. A.) succeeding Bentley & Brown at Redding.

| | | | |
|---|---|---|---|
| Visalia  Tulare | | Visalia, Tulare Co. | |
| *M  Johnson, Robert J. | | GM+  Johnson, Robert J. | |
| Winters  Yolo | | Winters, Yolo | |
| *M  Bartholet, B. | | GM-|- Bartholet, B. | |
| Woodlands  Yolo | | Woodlands, Yolo, Co. | |
| *M  Hebener Marble & Granite, Co. | 19 J | GM+  Hebener Marble & Granite Co. | P 4 |
| *M  Mitchell, James R. | 18 F | GM-|- Mitchell, James R. | N 3 |

E. F. Hebener succeeded the Hebener Marble & Granite Co. Oct. 1, 1894 (see Exhibit F). W. C. Rogers started new at this point before June 1, 1895.

| | | | |
|---|---|---|---|
| Yerka  Siskiyou | | Yerka, Siskiyou Co. | |
| *M  Hovey, William A. | 18 J | GM+  Hovey, William A. | N 3 |
| *M  Russell, J. B. | | GM+  Russell. J. B. | |

Note. William A. Hovey discontinued business before June 1, 1895.

To this point the book of Credit Ratings for 1894, and the Blue Book published in November, 1895, have been copied verbatim. From this point items will be taken at random from each of the books mentioned.

### CREDIT RATINGS

#### COLORADO.

Denver Arapahoe
*M  Farrington & Co.                    16 F
  (W. R. Farrington alone)
  1533 Tremont st.

### BLUE BOOK.

#### COLORADO.

Denver, Arapahoe Co.
GM-|- Farrington & Co.                    5
  (W. R. Farrington alone)
  1533 Tremont St.

Note. W. R. Farrington was out of business before November, 1895, and had been appointed chief detective for the city of Denver previous to Dec. 12, 1895. (See Exhibit G.)

Fort Collins Larimer
*M  Starlin, A. J.

Fort Collins, Larimer Co.
GM-|- Starlin, A. J.

Note. A. J. Starlin discontinued business here before March 13, 1893. (See Exhibit H.)

Greeley Weld
*M  Ritner, W. C.
    (see North Platte, 'Neb.)

Note. This party established a branch office here previous to March 28, 1895. (See Exhibit I.)

Leadville Lake
BM  Irwin, Jeremiah,
  526 W. 2d st.

Leadville, Lake Co.
SM  Irwin, Jeremiah
  526 W. 2nd St.

Note. W. L. Malpuss started at this point on March 28, 1894. (See Exhibit J.)

#### CONNECTICUT.

Ansonia  New Haven
*G·  Seccombe Bros.                    19 J
B  Wooster, C. B.                    15 F

#### CONNECTICUT.

Ansonia, New Haven Co.
G-|-  Seccombe Bros.                    P 3
B  Wooster, C. B.                    K 2

Note. B is used as the trade classification in both books, signifying in Credit Ratings, stone, and in the Blue Book, building. Davy & Cole had started in business at this point previous to June 1, 1895, and their names appear in the 1895 edition of Credit Ratings. (See Exhibit K.)

Bridgeport Fairfield
*M  Carling & Stevenson
  Fairfield ave.

Bridgeport, Fairfield Co.
GM-|-  Carling & Stevenson
  Fairfield Ave.

Note. The name of this firm was inserted in 1894 Credit Ratings through a clerical error, they having been succeeded by Stevenson & Christie. .

*M  Sexton, James Sr.
Stratford ave.

GM  Sexton, James Sr.
Stratford Ave.

Note. Michael H. Sexton succeeded his father, James Sexton, Sr., June 6, 1894. (See Exhibit L.)

Hartford Hartford
*M  Adams Granite & Marble Works
  1 Ford st.                    J

Hartford, Hartford Co.
GM-|-  Adams Granite & Marble Works
  1 Ford St.                    4

Note. Franklin R. Slocum succeeded the Adams Granite & Marble Works before Oct. 22, 1894. (See Exhibit M.)

GM  Keeley Bros.                    18 F
  93 Charter Oak st

GM  Kelley Bros.                    N 4
  93 Charter Oak St.

Note. Karl J. Beij succeeded this concern May 1, 1893. Through clerical errors the address given as 93 Charter Oak street should read 93 Charter Oak avenue. (See Exhibit N.)

Stamford Fairfield
*M  Scofield & Sawdey                    J

Stamford, Fairfield Co.
GM-|-  Scofield & Sawdey                    5

Note. This concern was sold out by sheriff previous to Aug. 1, 1894. (See Exhibit O.)

| CREDIT RATINGS. | BLUE BOOK. |
|---|---|
| CONNECTICUT—Continued. | CONNECTICUT—Continued. |

Sterling    Windham
B  Boswell, J. W.

Note.  J. W. Boswell started in business before June 1, 1895.  (See **Exhibit** P.)

| | | | |
|---|---|---|---|
| Westville  New Haven | | Westville, New Haven Co. | |
| (Atty. New Haven 3 miles) | | (Attorney New Haven 3 miles) | |
| *M  Robertson, F. B. | 15 F | GM+  Robertson, T. B. | K 2 |

Note.  Through clerical error the clause (see New Haven) was omitted in the 1894 Credit Ratings.  (See Exhibit Q.)

| DISTRICT OF COLUMBIA | DISTRICT OF COLUMBIA |
|---|---|
| Washington    Washington | Washington, Washington Co. |

Note.  The books are identical, but the following changes had taken place before June 1, 1895: Elihu Bradley, the Humelstown Brown Stone Co., George Richardson, and G. S. Walker had discontinued.  Watson Bros. had removed to 1107 Q street N. W.  The Washington Marble Co., through a clerical error, was inserted in the 1894 Credit Ratings as Washington, Granite Co.  Timothy J. Callaghan had removed to 1230 25th street N. W.  John Herbert Corning, John Howlings, Claude M. Manning, and Harry E. Rupprecht had started new.  On the latter, see Exhibit S.  Casper F. Geir had commenced new (see Exhibit R).  Richard Rothwell, Jr. & Bro. had changed the style to Rothwell & Bro.  J. H. Shelton, through clerical error, was quoted as located at 1513 E street, while his correct address is 1517 E street.

| FLORIDA. | FLORIDA. |
|---|---|
| Jacksonville  Duval | Jacksonville, Duval Co. |
| *M  Clark, George. W. | 16 F    GM+  Clark, George W. |

Note.  George W. Clark had transferred his business to the George W. Clark Co.  (See Exhibit T.)

| | | | |
|---|---|---|---|
| Pensacola  Escambia | | Pensacola, Escambia Co. | |
| *M  Davis, B. A. | · 19 J | GM+  Davis, B. A. | P 4 |

Note.  Wills & Broughton started new at this point previous to March 30, 1895.  (See Exhibit U.)

| Tallahassee  Leon | Tallahassee, Leon Co. |
|---|---|
| *M  Knowlton, W. A. | J    GM+  Knowlton, W. A. |

Note.  This name appeared in the 1894 Credit Ratings through a clerical error.  The party's name should appear W. A. Nowlin.  (See Exhibit X.)

| GEORGIA. | GEORGIA. |
|---|---|
| Thomasville  Thomas | Thomasville, Thomas Co. |
| *M  Bogger & Thurman | 19 J    GM+  Begger & Thurman    P 4 |

Note.  Through clerical error the name Begger appeared in the 1894 edition of Credit Ratings, and should read Bigger.  (See Exhibit W.)

| INDIANA. | INDIANA. |
|---|---|
| Salem  Washington | Salem, Washington Co. |
| *M  Linscott, W. M.    18 J | GM+  Linscott, W. M.    N 4 |
| MZ  Naugle, John,    19 J | MW  Naugle, John,    P 4 |
| *M  Neal, John B.,    14 F | GM+  Neal, John B.,    J 2 |
| BZ  Salem Bedford Stone Co. (see Louisville, Ky.) | SW  Salem Bedford Stone Co. (see Louisville, Ky.) |

Note.  W. M. Linscott had been entirely out of the marble business for five years previous to July 7, 1895, on which date Naugle & Jackson had succeeded John Naugle.  John B. Neal is engaged in the harness business, not in the monumental, and his name appeared in the 1894 Credit Ratings through error.  (See Exhibit No. 1.)

| IOWA. | IOWA. |
|---|---|
| Decorah  Winneshiek | Decorah, Winneshiek Co. |
| *M  Arenson & Hokaasen | GM+  Arenson & Hokaasen |

Note.  In the 1894 Credit Ratings two clerical errors appeared in this firm name, which should read Arneson & Kokaasen.  (See Exhibit No. 2.)

| CREDIT RATINGS. | BLUE BOOK. |
| --- | --- |

Dyersville Dubuque
*M McHogan, William,   16 E

Dyersville, Dubuque Co.
GM+ McHogan, William

Note. By error in Credit Ratings; it should have read MacHogan. (See Exhibit No. 3.) Same error in Blue Book.

Des Moines Polk
*M Des Moines (The) Marble & Mantle Co.
701 Locust st.   E
(Cap paid in $33m)

Des Moines, Polk (Co.)
GM+ Des Moines (The) Marble & Mantle Co.
701 Locust St. (Cap. paid in $33m)

Note. Through clerical error the word Mantel was misspelled in our Credit Ratings for 1894, and the Blue Book contains the same error.

Missouri Valley Harrison
*M Starling & Bullard   19 K

Missouri Valley, Harrison Co.
GM+ Starling & Bullard   5

Note. Through clerical error this name appeared misspelled in the 1895 Credit Ratings, and the Blue Book contains the same misspelling. (See Exhibit No. 4.)

Olwein Fayette
*M Fayebrother, M. E.

Olwein, Fayette Co.
GM+ Fayebrother, M. E.

Note. Two clerical errors appeared in this name in the 1894 Credit Ratings, and same errors appear in the Blue Book. (See Exhibit No. 10.)

### KANSAS.     KANSAS.

Salina Salina
*M Johnson, James   17 F

Salina, Salina Co.
GM+ Johnson, James   L 3

Note. Through clerical error this name appeared misspelled in the 1894 Credit Ratings, and the same error appears in the Blue Book. (See Exhibit No. 5.)

### KENTUCKY     KENTUCKY.

Augusta Bracken
*M Hume, Albert W.,

Augusta, Bracken Co.
GM+ Hume, Albert W.

Note. Through clerical error this name appeared misspelled in the 1894 Credit Ratings, and the same error appears in the Blue Book. (See Exhibit No. 6.)

### MAINE.     MAINE.

Knox Waldo
BQ Booth Bros. & Hurricane Isle Granite
Co. (inc.) (See New York, N. Y.)

Knox, Waldo Co.
SQ Booth Bros. & Hurricane Isle Granite
Co. (Inc.) (See New York, N. Y.)

Note. Through clerical error this concern was reported in the 1894 Credit Ratings as BQ, which should read GQ, and the Blue Book contains the same error.

## MARYLAND.

*Baltimore.*—Note. Wilkinson & Neville. Complainants neglected to insert (street) after Moser, and respondents copy the error.

## MASSACHUSETTS.

*Chelsea.*—Note. A. G. Whitcomb, 28 4th street, was inserted through clerical error, and they copy. (See Exhibit No. 7.)

*Lawrence.*—Note. Thomas Lahey was, through error, inserted as engaged alone, and should have read Lahey & O'Donnell. (See Exhibit No. 8.)

*Quincy.*—Note. Respondents insert street addresses only in such instances as they appeared in complainants' 1894 Credit Ratings.

## MICHIGAN.

*Bay City.*—Note. Beard & De Merrell should read Beard & De Merell. (See Exhibit No. 9.)

**MINNESOTA.**

*Stillwater.*—Note. Through typographical error P. M. Peterson (see St. Paul) appeared in complainants' 1894 book, and should read P. N. Peterson. (See Exhibit No. 11.)

*Wabasha.*—Note. Frank Shenach was misspelled, through error, and should spell Shenack.

*Winona.*—Note. Joseph Thrum should read Joseph Thrun, and respondents copy the error.

**MISSOURI.**

*Kansas City.*—Note. Respondents classify Bandera Flagstone Co. as BQ, neglecting to change the B. to S.

**NEBRASKA.**

*York.*—Note. J. N. Kildaw should read J. N. Kildow.

**NEW HAMPSHIRE.**

*Concord.*—Note. The revision streets and numbers did not reach complainants in season for insertion in the 1894 edition of Credit Ratings. Only two names appear provided with street addresses, and the Blue Book compares exact. John J. Tressider & Son were given as GQ in Credit Ratings, through error, they not operating a quarry, and respondents copy.

*Enfield.*—Note. Buckley & McCormick sold out to the Enfield Pink Granite Co. before Jan. 1, 1895. Wells & Flanders. Complainants use a catch name for the purpose of proving infringements in case attempts are made. The concern mentioned operate a saw mill and deal in lumber.

**NEW JERSEY.**

*Newark.*—Note. Louis Kengott should read Louis Kenngott. (See Exhibit No. 12.)

*Trenton.*—Note. George R. Dobbs, through clerical error, was inserted as located at 863 Center street in the 1894 Credit Ratings; his correct address being 824 Center street. (See Exhibit No. 13.)

**NEW YORK.**

*Lansingburg.*—Note. Under this heading the name of John McQuide (see Troy) should appear, and through the error of complainants' printer it was transposed in the make-up of the 1894 Credit Ratings, and appears under Troy, with address as Lansingburg, and respondents' book corresponds exact.

*Long Island City, Blissville.*—Note. Respondents' book compares exact as to trade classifications and the use of the credit character L after the name of Roach & O'Donnell. L. with respondents, signifies "$1,500 to $2,500," and with complainants it signifies "C. O. D."

*New York City.*—Note. Respondents reproduce D after Booth Bros. & Hurricane Granite Co., 60 Bank St. (inc.), cap. paid in $250m. D with complainants signifies "very good." D with respondents signifies $75,000 to $100,000, which does not compare with the concern's capital paid in.

**OHIO.**

*Hanovertown.*—Note. This insertion was an error and should have read Hanoverton in Credit Ratings, and the same error appears in the Blue Book.

**TENNESSEE.**

*Humboldt.*—Note. A. W. Stehr should read A. H. Stehr.

**VERMONT.**

*Barre.*—Note. Respondents' book will be found an exact copy of the 1894 Credit Ratings. George Straitton was a clerical error, and should spell Straiton. (See Exhibit No. 14.)

*Montpelier.*—Note. Complainants' printer, in making up the 1894 Credit Ratings, wrongfully classified the Langdon Granite Co. and Lynch & McMahon under Charles H. More & Co. Respondents' Blue Book shows the same error.

**VIRGINIA.**

*Charlottsville.*—Note. L. W. Bowman should read L. M. Bowman.    (See Exhibit No. 16.)

**WISCONSIN.**

*Houghton.*—Note. Respondents copy BQ Prentice (The) Brown Stone Co. This, in the Blue Book classification, would signify building quarry.

*Watertown.*—Note. Joseph Walter should read James Walter.

Ending with Wyoming, respondents follow complainants' classification in making up the Canadian provinces, which is not alphabetical, as in other publications, but a style original with, and peculiar to, complainants.

DAVID M. LADD.

Sworn to February 6, 1896.

### AFFIDAVITS FOR DEFENDANT.

### Affidavit of Edward P. Oxnard.

[Filed February 4, 1896.]

On this third day of February, A. D. 1896, before me personally appeared Edward P. Oxnard, who, being by me duly sworn, deposes and says:

That he is one of the respondents in the above-entitled action; that he has been for the past thirteen years engaged in business with the North American Mercantile Agency, having attorneys in most of the principal cities and towns of the United States and Canada; that in connection with said business he has come into contact with persons, firms, and corporations in various mercantile and manufacturing lines, and has had communication with large numbers of attorneys, in different parts of the United States and Canada; that in connection with said work he also met large numbers of persons engaged in the marble and granite business throughout Massachusetts, New Hampshire, and Vermont; that about eighteen months ago he began the preparation of a book of reference entitled "The Blue Book of the Marble and Granite Exchange Mercantile Agency," and continued the same down to about the first of November, 1895, when the same was printed and issued; that in the preparation of said work he began with the states of Massachusetts, New Hampshire, and Vermont; that the sources of information used by him, as more fully set out below, were state and city directories which classify dealers under various heads showing the lines of business in which they are engaged, among others the marble and granite business; the reports of attorneys in several places; the books of the firm of Cook & Watkins of the city of Boston, large wholesale dealers in granite, stone, and marble, having dealings with persons and firms in various parts of the United States, upon whose books and correspondence the defendant and his son spent upwards of two weeks; and the assistance of said firm, and others in the same line of business, in correcting and adding to the sheets of his work which he submitted to them; and that, if any instances occur where errors and misprints appear in both complainants' and respondents' books, it is due to the fact that both have had access to the same directories, trade lists, and other sources of common information.

The deponent further says that he has made a comparison between the work issued by him and the complainants' book on file in this court, and says that there is, and from necessity must be, a similarity in the names of the granite and marble dealers in each city and town, inasmuch as the same dealers are referred to by each; that there is a similarity in the fact that the states are arranged alphabetically in both books, as in all mercantile agency books and directories; that the books, however, upon comparison, vary materially, in the names given, and in the following other particulars: The respondents' book contains, after the name of each town and county, the name of an attorney, and the population of the town or city, and the name of the most prominent bank situated in the place, none of which are contained in complainants' book. Then follows a list of the

persons, firms, and corporations engaged in the granite, stone, or marble business in such town or city. These, from necessity, must be similar in the two works, as in many places there is but a single person or firm in the place engaged in this industry, and in the majority of places only two or three such firms, but, upon comparison of the two works, it will be seen that very many differences do occur; such, for instance, as the omission of towns from the complainants' book which are given in respondents', the omission of towns in respondents' book which are given in complainants', and the omission of the names of dealers in one which occur in the other. Reference is hereby made to the tables at the end of this deposition showing differences in one state, namely, Pennsylvania, taken at random in the book.

Opposite each name are letters indicating the lines of work in which such persons or firms are engaged. Reference to the complainants' book shows that their list must have been prepared several years since, when firms were engaged only in a single line, that of marble, granite, stone, or monumental work. The respondents' book correctly shows that a majority of firms throughout the country are now engaged in two, and even three, of these lines. Opposite the name of each dealer appears in both works a rating. The key employed in one case is that of letters, and the other of figures, and the division into amounts represented by these letters and figures is somewhat different. In obtaining ratings the respondent has employed a variety of means. Through the attorneys in some of the states upon his list he has obtained ratings throughout the state, which were procured with the assistance of some leading marble or granite dealer in the principal city. In the state of Massachusetts, and many other states, he has received the assistance of a leading marble and granite house in Boston, which employs five or six traveling salesmen, covering many of the Central, Western, and Southern states. This house had communication with dealers in many parts of the United States, and the respondent and his son, Frederick P. Oxnard, spent upwards of two weeks in going over the accounts of dealers in many parts of the United States, and examining the promptness of their payment, and all of the ratings were submitted to this firm for verification and correction. The firm of granite dealers in Boston previously alluded to are members of the Manufacturers' & Wholesale Granite Dealers' Protective Association of New England, which issues monthly a confidential list of dealers throughout the United States whose credit is in any way impaired, or whose payment makes them liable to suspicion; and deponent is informed and believes that those lists, for a period of upward of a year, were used in correcting and verifying the standing of dealers throughout the country.

Deponent further says that he did not have or use any copy of complainants' said book in the preparation or compilation of his work. He further says that the lists of dealers throughout the country are not the subject of copyright, and have been printed in numerous town, city, and state directories before the publication of complainants' book, and are common property for the purpose of making any compilation; and that he has made use of such works in preparing his book.

Deponent further says that neither he nor any agent of his has ever offered his said book for sums varying from five to twenty-five dollars, but have leased the same for the uniform price of twenty-five dollars per year to persons subscribing therefor, and have offered to any person who had paid said subscription price an extra copy of the work, to be used by his travelers on the road, for an additional sum of from two to five dollars, according to the number of extra copies taken; but that, so far as he remembers, no second copy has been taken at said last-named prices.

Deponent further says that he has never sold or offered for sale any copies of his said work, and that he is informed and believes that the complainants have never sold or offered for sale any of his said books, but have uniformly leased the same to subscribers, according to the form of lease which appears on the inside back cover of complainants' exhibit filed in this case, and that, at the expiration of each year, the book for that year is returned to and taken up by complainants.

EDWARD P. OXNARD.

Sworn to February 4, 1896.

## LADD & HUNT.　　　　　　　　　OXNARD.

### ALLEGHENY, PA.

| | | |
|---|---|---|
| B— | Alston, A & Co. very good 50 to 75M | not in |
| *— | Beggs, Alexander & Son | not rated |
| * M— | Walker Marble Co. | G M-|- Walker Marble & Granite Co. |
| BZ— | Wissner, Henry | S W Windsor, Henry |

### ALLENTOWN, PA.

| | | |
|---|---|---|
| * M | Harwick, Monroe B. 1 to $2000 | Investigate Pay. |
| * M | Schmeyer, A. W. & Co. $500. | Investigate Pay. |

### ALLENTOWN, PA.

| | | |
|---|---|---|
| | Altoona, Blair | Altona, Blair Co. |
| * M— | Johnson W. W $500. | G M-|- Johnson W. W. Investigate pay. |
| * M— | Moffatt, Thomas E. & Co. $500 | G M-|- Moffatt, Thomas E. & Co. Investigate Pay. |
| * M— | Black, John H. Fair. | G M-|- Black, John H. Investigate Pay |
| * M— | Knauss J. A. | G M-|- Kausas, J. A. |
| | not in | Bolivar Pa. |
| | not ir | Haglock, John $600. |

### BATH, PA.

| | | |
|---|---|---|
| * M— | Reinhard Dan'l J. (Agt) 3 to $5M | G M-|- Reinhard, Dan'l J. (Agt) Investigate Pay. |

### BEAKVILLE, PA.

| | | |
|---|---|---|
| * M— | Miller, J. M. | G M |- Millert J. M. |

### BEAVER FALLS, PA.

| | | |
|---|---|---|
| | Not in | G M-|- Reed A. E. |

### BERLINSVILLE, PA.

| | | |
|---|---|---|
| * M— | Becker, James W. $500. | G M-|- Becker, James W. Investigate Pay. |

### BERNVILLE, PA.

| | | |
|---|---|---|
| * M— | Yeager, Henry & Co. $500. | G M-|- Yeager, Henry & Co. 10 to $20M |
| | Not in | Bangor Pa. |
| | Not in | Kerler R. E. |

### BOWERS' STATION, PA.

| | | |
|---|---|---|
| MZ— | Hamsher, Henry F. | M W Hansher, Henry F. |

### BRADDOCK, PA.

| | | |
|---|---|---|
| * M— | Hollenberg C. B. $500. | G M-|- Hollenberg C. B. Investigate Pay |
| | Not in | G M Shanahan & Valentine. |

### BROWNSVILLE, PA.

| | | |
|---|---|---|
| M Z | Wright Thomas S. | not in |

### CAMBRIDGEBORO, PA.

Prompt Pay.

| | | |
|---|---|---|
| * M— | Sherman & Root 10 to $20M | G M-|-Sherman & Root $5 to 10M |
| | Not in | Canton, Pa. |
| | Not in | G M-|- Rouan, J. W. |

### CARLISLE, PA.

| | | |
|---|---|---|
| * M— | Erb, George B. | Not in |

### CATASAUQUA, PA.

| | | |
|---|---|---|
| * M— | Berger, William A. | G M-|- Borger, William A. |

### CHESTER, PA.

| | | |
|---|---|---|
| | Not in | G M Cudlipp, J. H. |
| M Z | Ramsley, Wallace | M W Rawsley, Wallace. |
| | Cochranton, Pa. | Cochkanton, Pa. |

### DOWNINGTON, PA.

| | | |
|---|---|---|
| * M— | McClintock, William | G M-|- McClintock, William M. |

### DU BOIS, PA.

| | | |
|---|---|---|
| | Not in | G M Krell, J. H. |

### DUNCANNON, PA.

| | | |
|---|---|---|
| * M— | Lupfer & Flickinger | G M-|- Dupfer & Flickinger |
| | Not in | Edinboro Pa. |
| | Not in | G M Weber, James. |

## LADD & HUNT.         OXNARD.

EASTON, PA.

* M— Carey, George A.        G M+   Casey, George A. & Co.
    Not in            G M   Price, W. D.

ERIE, PA.

    Not in           G M   Jenks C. W.
    Not in                Germanton, Pa.
    Not in           G M   Smith S. D.

GETTYSBURG, PA.

G Q — Lightner Nathaniel $1000.       No rating.
    not in                Miller Mrs. W. H. $2500.

HARRISBURG, PA.

G Z— Empire Granite Co.        not in.
    not in              Compton & Mettler.

HAZELTON, PA.

* M— Keiper, Philip 5 to $10M    G M+   Keiper, Philip. Investigate Pay
    not in           M G   Thomas J. B.    $2500.
    not in           M G   Thomas, WM. J.

JERSEY SHORE, PA.

* M— Feister, E. K. & Son. 3 to $5M     no rating.

LANCASTER, PA.

    not in              McClure, Estate of W. M. $10 to 20M
                       (See Mrs. Christiana McClure,

LATROBE, PA.

    not in             M Cr.+ McColly, E. B & Co.

LEBANON, PA.

* M— Daugherty J. E.        G M+ Dougherty Geo.
    not in           M G   Kleisir, Felix

LITTLESTOWN, PA.

M Z— Nau, John H. §1000.       Investigate pay

LOCK HAVEN, PA.

    not in             M Cr.+ Peeling G. C.

McKEESPORT, PA.

* M— Hollinsbury & Palmer     M G   Palmer O. M.
* M— Wright Thomas S.            not in
    Mauch Chunk Pa.            not in

MEADVILLE, PA.

B Q— McNeil, Benjamin       S Q McNeil Benjamin & Co.

MIDDLETOWN, PA.

* M— Coble, Henry U.         not in

MILLERTON, PA.

    not in           M G   McKibbin, Wm. T.
* M— Rainey & Mesker      G M+ Rainey Meeker

MONONGAHELA, PA.

    not in             Alexander & Co.

NEFF'S, PA.

* M— Schlosser, Frank 3 to $5000.    no rating.

NEW ALEXANDRIA, PA.

B Z   Sligh, A. H.         S W   Slight, A. H.

NEW BRIGHTON, PA.

    not in             G M+ Garver, A. H.

NEW CASTLE, PA.

* M— Hart, John C. $1000,     G M+ Hart, John C. Investigate pay
    not in           G M+ Hart, Wm.
* M— Noll M. M. (Mrs.)         not in

NEW HOLLAND, PA.

* — Storb Theodore M.       G M+ Storb Theodore M & Sons.

| LADD & HUNT. | OXNARD. |
|---|---|

### NEW OXFORD.

| | |
|---|---|
| M Z— Louch E. G. | M W Lough E. G. |

### NORRISTOWN, PA.

| | |
|---|---|
| * M— Smith George W. 5 to $10,000. | G M-|- Smith George W. Investigate pay. |

### OXFORD, PA.

| | |
|---|---|
| * M— Jones, George E. $2 to $3000 | G M-|- Jones, George E. no rating. |

### PHILADELPHIA, PA.

| | |
|---|---|
| * M— Arnaiz & Burns | not in |
| * M— Ashmore, James J. | G M-|- Ashmore James |
| * M— Ashton John S. | G M-|- Ashton, John S. & Co. |
| M B— Atkinson & Myhlertz | W S Atkinson & Myhlertz (Dissolved) |

### PHILADELAHIA, PA.

| | |
|---|---|
| * M— Burke, Catherine | G M-|- Burke, Catherine & Co. |
| G M— Connor, James | not in |
| M— Gallagher & Feusht | not in |
| WM— Freedly J. K. & Sons | X M Freedly Wm. G. |
| * M— Gessler, John M. | G M-|- Gessler, John M. (estate) |
| M Z— Graham Walter | not in |
| ? M— Kornbau, Daniel | not in |
| G M— Miller, Christian | not in |
| * M— Mount Waldo Granite Works | not in |
| * M— O'Brien J. J. & Co. | not in |
| * M— Pierce, John S. | G M-|- Pierce, John S & Co. |
| * M— Schmucker, Lewis G. | not in |
| + M— Schroeder, Chas. F. 5 to $10,000 | Moderate pay. Capital not stated |
| * M— Ulery Conrad | not in |
| not in | G M Waterhouse, W. |
| not in | G M-|- Whitaker, John W. |
| * M— Yeager, John M. | G M-|- Weager, John M. |
| G— Young, Thomas $20,000. | G Young, Thomas $5,000. |

### PHILLIPSBURGH, PA.

| | |
|---|---|
| * M— Cooper, J. A. $1000 | G M-|- Cooper, J. A. no capital. |

### PITTSBURGH, PA.

| | |
|---|---|
| not in | M G+ Itzel & Co. |
| B Q— Park & Park 50 to $75,000 | S Q Park & Park no rating |

### PITTSTON. PA.

| | |
|---|---|
| not in | Barber, S. J. |

### POTTSTOWN, PA.

| | |
|---|---|
| * M— Reifsnyder & Storb | G M+ Strob Horace |

### POTTSVILLE, PA.

| | |
|---|---|
| * M— Laubenstein Levi $3 to 5000 | G M-|- Laubenstein, Levi Investigate Pay (No capital) |

### READING, PA.

| | |
|---|---|
| * M— Bressler F. F. $2 to 3000 Fair. | G M+ Bressler F. F. Investigate Pay |
| WM— Getz's, H. S., Sons 150 to $200,000. High. | not rated. |

### REYNOLDSVILLE, PA.

| | |
|---|---|
| not in | Seeley & Alexander. |

### SALTSBURGH, PA.

| | |
|---|---|
| not in | G M+ Bebk, R. J. |
| Sciota Pa. | Scotia Pa. |

### STRAUSSTOWN, PA.

| | |
|---|---|
| not in | G M Miller, L. L. or S. R. |
| * M— Daugherty Mary A. | not in |

### UNION CITY, PA.

| | |
|---|---|
| not in | Ezra Cooper |

### WAYNESBORO, PA.

| | |
|---|---|
| * M— Forbes, J. N. Nothing. | G M-|- Forbes, J. N. $2500. |

### WAYNESBURG, PA.

| | |
|---|---|
| * M— Spragg, Eliza | G M-|- Spragg Eliza |
| not in | West Pittston, Pa. |
| not in | M G Barber, S. J. |

| LADD & HUNT. | OXNARD. |
|---|---|

WILKES BARRE, PA.

| not in | G M+ O'Neil. P. S. |
|---|---|

WORTHINGTON, PA.

| *M— Gaiser, G. J. & Co. 3 to $5000. | no rating. |
|---|---|

YORK, PA.

| *M— Doyle, David B. 3 to $5000. | G M+ Doyle David B. Investigate pay. (No capital) |
|---|---|
| M G— Laucks, G. W 5 to $10,000 | M G Laucks G. W. no rating. |
| *M— Miller Henry H. | not in. |

## Affidavit of Reed O. Oxnard.

[Filed February 8, 1896.]

United States of America, District of Massachusetts.

On this seventh day of February, 1896, personally appeared before me Reed O. Oxnard, and, being by me first duly sworn, deposes and says, that he is a resident of Medford, in this district, and a son of respondent Edward P. Oxnard; that at the request of said respondent he made a comparison of the lists of stone dealers in Massachusetts, as given in the respondents' book complained of and the complainants' book deposited in the clerk's office of this court, and he annexes hereto the said comparison in his handwriting, made in parallel columns, showing the wide differences between the two books; that he has further made a comparison between complainants' book and respondents' book as to the states of Wisconsin, Virginia, and West Virginia, and finds very substantial differences, being quite as great as those in the list annexed to his affidavit and to that of the said Edward P. Oxnard, but he has not had the time and opportunity to make the same written statement in parallel columns to annex hereto; that his attention has been called to the statement in the affidavits heretofore filed in this case on behalf of the complainants, to the effect that at least eight thousand changes occur between various editions of the complainants' work; and in view of their allegation that the complainants' and respondents' books are identical, he has made a count of the dealers contained in respondents' book, and finds the total number of persons, firms, and corporations reported there as dealing in the various kinds of stone as 7,676; that he has not had an opportunity to make an accurate count of the names contained in complainants' book, but has made a careful estimate thereof, and in his belief said book does not contain over eight thousand names. Deponent further says that he has seen and examined the United States Directory of the Marble, Granite and Stone Dealers and Workers, published by J. S. Clark & Company, of Louisville, Ky., which is referred to in the affidavit of Seward W. Jones filed herewith, and he deposits herewith a copy of said book, identified by his initials, for reference in this case. The deponent further says, with reference to the complainants' statements in their affidavits that their arrangement of the British provinces is peculiar to their book, that the said arrangement in complainants' book is substantially identical with that in said Clark's Directory heretofore referred to.

REED O. OXNARD.

Sworn to.

MASSACHUSETTS.

| LADD & HUNT. | OXNARD. |
|---|---|
| Annisquam Mass. | not in |
| Ashley Falls | not in |
| Bay View Mass | not in |

BOSTON, MASS.

| G Q— Blue Hill Granite Co | | not in |
|---|---|---|
| G Q— Braintree Granite Co (Inc) No. 7 Exchange Place. | G Q | Braintree Granite Co. (Inc) No. 28 State St. |
| M— Butler, Phillip H & Co Good 5 to $10M | M | Butler, Phillip H & Co Investigate Pay. |
| B+ Cambridge Stone Co | | not in |

## LADD & HUNT.                    OXNARD.

BOSTON, MASS.—Continued.

| | | | | |
|---|---|---|---|---|
| * M— | Camfil E & Son | | G M+ | Canfil, E & Son |
| B Z— | Carew Freestone Co | | S W | Joseph Carew Freestone & Marble |
| B | Cleveland (The) Stone Co | | S | Cleveland (The) Stone Co. |
| | No. 166 Devonshire St. | | | No. 31 Sleeper St. |
| W G— | Cook & Watkins No. *120* Boylston St | | X G | Cook & Watkins No. *122* Boylston St. |
| | (See Barre Vt.) | | | (See Barre Vt. & Quincy Mass) |
| B— | Cuddihy John J. | | S | Cuddihy, John J. |
| | *No. 562 Albany St.* | | | *No. 166 Devonshire St. & 17 Otis St.* |
| G— | Donohoe, M. J. | | | Donohoe, M. J. |
| G M— | Evans, R. A. & Sons *3 to $5000* | | | no capital Investigate Pay |
| * M— | Grasser, Paul | | G M+ | Grasser, Paul |
| | *No. 1045 Tremont* | | | *No. 38 Burnett St.* |
| G Q— | Jones, S. O. | | G Q | Jones S. O. |
| | Meridian St. bridge | | | No. 479 Meridian St. E. B. |
| G B— | Joyce, John | | | not in |
| G— | King, George O. | | | G. King, George O. |
| | No. 18 Swett St. | | | Woolson St. |
| H G | Libby, Albert A. & Co | | B G | Libby, Albert A. & Co. |
| | No. 116 Swett St. | | | Pavers. No. 28 School St. |
| * M— | Magner, David | | | |
| | $2 to 3000 | | | no rating. |
| B Z | Meany, Edward F. & Co | | S | Meany, Edward F. & Co |
| | 75 to $100m | | | *no rating* |
| * M | Mulrey, T. D. 50 to $75M | | G M — | Mulrey, T. D. *no rating* |
| * M— | Mulrey, Patrick (estate) | | G M+ | Mulrey, Patrick (estate) |
| | 1208 Harrison Ave. | | | No. 84 Vernon St. |
| B Z— | New Brunswick Freestone Co. | | S W | New Brunswick Freestone Co. |
| | *No. 4 Pemberton. Sq (Inc)* | | | *No. 27 Pemberton Sqr. (Inc)* |
| * M Z— | Robinson, George H. | | M W | Robinson, George H. |
| | *No. 86 Cambridge St.* | | | No. 86 Cambridge St. *Charlestown.* |
| W G— | Rockport Granite Co. | | X G | Rockport Granite Co |
| | *No. 27 Kilby St.* | | | *No. 31 State St.* |
| B Z— | Stillwell & Schaeffler | | | not in |
| B Z— | Sullivan Wm J. | | S W | Sullivan Wm J. |
| | *No. 59 Swett St.* | | | No. 123 Swett St. |
| * M— | Tempest J. P. | | G M+ | Tempest J. P. |
| | No. 146 Bowdoin St. | | | No. 1291 Dorchester Ave. |
| | not in | | S W | Valentine & Stillwell |
| | | | | No. 47 Swett St |
| G M— | Walker, Avard L & Co | | G M | Walker, Avard L. & Co |
| | No. 149 Portland | | | Forest Hills. |

EAST BRAINTREE.

| | | | | |
|---|---|---|---|---|
| | not in | | | Kelloway, Henry |
| | Brighton Mass | | | not in |
| | not in | | W M | Breakorth, Parsons |
| | not in | | M Q+ | Jenks, A. B. |

CAMBRIDGE, MASS.

| | | | | |
|---|---|---|---|---|
| M G— | McDonald Alexander & Son 50 to | | | not rated |
| | $75,000 | | | no rating |
| * M— | McNamee, John & Sons 2 to $3000 | | | |

CAMBRIDGEPORT, MASS.

| | | | | |
|---|---|---|---|---|
| G Z— | Doherty, Hugh 2 to $3,000 | | | no rating |
| M G | Horgan, John J. *45 Main st* | | M G | Horgan, John J. *53 Main st.* |

EAST CAMBRIDGE, MASS.

| | | | | |
|---|---|---|---|---|
| | not in | | | Conn. Steam Stone Co. (Freestone) |
| | | | | No. 64 First St. |
| * M | Harrington John & Son | | G M+ | Harrington John & Son |
| | Gore's Wharf, 3d St. | | | Ayers Wharf, No. 320 3d St. |
| G Z— | Sweatt Gould & *Parker* | | G W | Sweatt & Gould |

CANTON, MASS.

| | | | | |
|---|---|---|---|---|
| B Z | Lawrence, John 2 to $3,000 | | | no rating |
| | Cataumet Mass | | | not in |

CHELSEA, MASS.

| | | | | |
|---|---|---|---|---|
| G Q— | Davis, D. C & Son 3 to $5000 good | | | no rating |

CLINTON, MASS.

| | | | | |
|---|---|---|---|---|
| | not in | | M G | Gibson Geo. S. |
| * M— | Rogers D. A. 180 High st. | | | not in |
| | East Lee Mass | | | not in |
| | East Long Meadow Mass | | | not in |
| | East Mansfield Mass | | | not in |

LADD & HUNT.                    OXNARD.

ESSEX.

not in                    G M    Stover & Co

EVERETT, MASS.

M Z—  Whitcomb A. G.                    not in

FALL RIVER, MASS.

B Q—  Beattie, William 50 to 75M              not rated
* M—  Durkin & Co *$1000*.      G M+  Durkin, P. J. *no rating*
       not in               M G   Fish, F. S.
       not in               G M   Lawson F. M

GARDNER, MASS.

       not in               M G   Keenan & Gerry
       Graniteville Mass             not in

GREAT BARRINGTON, MASS.

       not in               G M+  Lux M.

HOUSATONIC, MASS.

* M    Brown F E                    not in

HARWICH, MASS.

* M—  Crosby, Henry T. 3 to $5,000           not rated
M G—  Cummings, F. G. & Co       M G   Weeks, Cummings & Co.

HOLYOKE, MASS.

       not in               S     Delaney Bros First class pay $100,000
                                      to $300,000
       not in               S     Mead, I.
       not in               S     Polvin & Shearer
       not in               S     McComm Walter

HYANNIS, MASS.

       not in               G M   Nickerson, Thos. W.
       not in                     Hyde Park Mass
       not in               M G   King, Geo. O
       not in                     Hyde Park Marble and Granite
                                      Works

LAWRENCE, MASS.

       not in                     Bostre & Co

LEE, MASS.

* M—  Gross Bros 100 to $150,000             not rated
       Long Meadow Mass                    not in

LOWELL, MASS.

       not in               G W   Anderson John
       not in               G W   Dillingham Fred
       not in               G M+  Gumb Bros

LYNN, MASS.

B Z—  Blethen, Curry & Co.       S W   Blethen, Curry & Co
       not in               G W   Blenton S. P.
       not in               G W   Sampson John

MALDEN, MASS.

* M—  Malden Marble & Granite Works          not in
* M—  Scott & Hildebrand                    not in

MILFORD, MASS.

       not in               G M   Fair C. L.

EAST MILTON, MASS.

       not in               G+    Sullivan, John E.

NEW BEDFORD, MASS.

       not in               G M   Dawson. Amo

NORTH ADAMS, MASS.

*'M    Crowley D. J.        G M+  Crowley, D. J. Sold out

PITTSFIELD, MASS.

M G—  Andrus, F. O.                    not in

## LADD & HUNT.                      OXNARD.

**PLYMOUTH, MASS.**

\*    Clark, Robert               not in

**QUINCY, MASS.**

| | | |
|---|---|---|
| | not in | G W   Adrian H. W. |
| | not in | G W   Abram, James, W. |
| G Q— | Carr, E. F. & Co. | not in |

**SO. QUINCY, MASS.**

| | | |
|---|---|---|
| G Z. | Burke & O Keefe | not in |
| G Z— | Cook M. E & Co 2 to $3,000 | G W   Cook M. E. & Co. 10 to $20,000 |
| | not in | Cook & Watkins (see Boston) |
| G Z— | Lillicrap Bros | not in |
| G — | McDonnell Bros 10 to $20,000 | no rating |
| \* G | McDonnell & Kelley 3 to $5000 | not rated |
| G Z— | Norfolk Granite Co. (see Burke & O'Keefe) | |
| | | not in |
| G— | Restelli & Kelley | not in |
| G Z— | Turner R. E. | not in |

**WEST QUINCY, MASS.**

| | | |
|---|---|---|
| \* G | Ayers, A. W. & Son 50 to $75M | not rated |
| G Z— | Fuller, F. Wesley 3 to $5M | no capital |
| G Z | Heuss, John *Moderate Pay* | 5 to $10.000 |
| ~ G— | Hevghan, James & Son | G+   Hevghan, James & Son |
| \* G— | Monahan & Breen | not in |
| G Z— | Quinn, Robert, K | not in |
| | not in | Royalston Mass |
| | not in | Royalston Granite Co (see Edward D. Reed) |

**ROCKPORT, MASS.**

| | | |
|---|---|---|
| | not in | G Q   Rockport Granite Co (cap. paid in $200M) |
| | not in | G Q   Wait, T. N & Son |

**SALEM, MASS.**

| | | |
|---|---|---|
| | not in | G    O'Rouke Bros. |
| | not in | G M-+- North Bridge Granite Works No. 73 North St cor Bridge |

**SPRINGFIELD, MASS.**

| | | |
|---|---|---|
| B Z— | James, William | S W   James, William (Estate) |
| B Q | Lawler, Edward A. | not in |
| | not in | S Q   Marra, John |

**TAUNTON, MASS.**

| | | |
|---|---|---|
| \* M— | Jackson, Wm. H. | G M-+- Jackson, Wm. H. Mrs. |

**WARE, MASS.**

| | | |
|---|---|---|
| \* M | Kinney & Godfrey (See Northampton) | G M-+- Godfrey, W. F. |

**WESTFIELD, MASS.**

| | | |
|---|---|---|
| | not in | M G   Westfield M. & G. Co. |

**WEST STOCKBRIDGE, MASS.**

| | | |
|---|---|---|
| \* M— | Brown, F. E. | not |

**WOBURN, MASS.**

| | | |
|---|---|---|
| \* M— | Briggs Richard | not in |
| | not in | M G   Hern, John J. |

**WORCESTER, MASS.**

| | | |
|---|---|---|
| | not in | G M   Adamson Johnson |
| | not in | Davis Bros |
| \* M— | Nugent & O'Toole | not in |
| | not in | Austin O'Toole |
| | not in | G M -+- Nugent, John F. |
| | not in | G M   Wilson Martin |

Among other proofs filed by defendant was an affidavit by one Seward W. Jones to the effect that one of the complainants had called upon him to solicit a subscription to their book, and that, in the ensuing conversation, said complainant had stated that the book of complainants was compiled from a directory of marble and granite dealers in the United States, published by J. S. Clark & Co., of Louisville, Ky., which book defendants made part of their evidence. This statement was denied by an affidavit in reply, and, in order further to show that complainants' book was not compiled from Clark & Co.'s directory, as well as to show that defendant's book was taken from that of complainants, complainants' attorney in his brief, exhibited the following table of comparisons between the three compilations:

| CLARK'S DIRECTORY. | CREDIT RATINGS 1894. | BLUE BOOK. |
|---|---|---|
| | ALABAMA. | |
| | Birmingham Jefferson. | Birmingham, Jefferson Co. |
| H. H. Blakely, Birmingham, | Alabama Marble & Stone Co. (cap. Paid in $12,300) | Alabama Marble Stone & Co. (Cap. paid in $12,300) |
| T. H. Holt, " | Birmingham Marble Works. (see Thos. H. Holt) | Birmingham Marble Works. (see Thos. H. Holt) |
| | Holt, Thos. H. | Holt, Thos. H. |
| | Calera, Shelby | Calera, Shelby Co. |
| S. J. Evans, Calera, | Evans, Samuel J., | Evans, Samuel J. |
| | Decatur Morgan | Decatur, Morgan Co. |
| J. Hummel, Decatur, | Hummel, J. | Hummel, J. |
| | Stewart, W. P. | Stewart, W. P. |
| | Opelika Lee | Opelika, Lee Co. |
| Geo. Kenney, Opelika, | Kinney, Geo. | Kinney, Geo. |
| | Selma Dallas | Selma, Dallas Co. |
| J. N. Montgomery, Selma, | Montgomery, J. N. & Son, | Montgomery, J. N. & Son. |
| | Talladega Talladega | Talladega, Talladega Co. |
| L. Taylor, Talladega, | Taylor, Lafayette, | Taylor, Lafayette, |
| | ARIZONA. | |
| | Flagtaff Yavapai | Flagstaff, Yavapai Co. |
| | Arizona Sandstone Co. (see Los Angeles, Cal.) | Arizona Sandstone Co. (see Los Angeles, Cal.) |
| NOTE. No towns or names. | English & Padgham | English & Padgham. |
| | Phœnix Maricopa | Phœnix, Maricopa Co. |
| | Bliss & Ligler | Bliss & Ligier. |
| | Cohise Marble & Onyx Co. | Cohise Marble & Onyx Co. |
| | Gregory, J. M. | Gregory, J. M. |
| | Phœnix Marble & Stone Co. (cap. $50m) | Phœnix Marble & Stone Co. (cap. $50m) |
| | Prescott Yavapai | Prescott, Yavapai Co. |
| | Mair, Jacob, | Mair, Jocob, |
| | Tombstone Cochise | Tombstone, Cochise Co. |
| | Ritter & Taylor | Ritter & Taylor. |
| | INDIANA. | |
| | Salem Washington | Salem, Washington Co. |
| John Naugle, Salem, | Linscott, W. M. | Linscott, W. M. |
| W. M. Linscott & Co. | Naugle, John, | Naugle, John, |
| | IOWA. | |
| | Missouri Valley Harrison | Missouri Valley, Harrison Co. |
| John A. Starlin, Missouri Valley, | Starling & Bullard | Starling & Bullard |
| | KANSAS. | |
| | Salina Salina | Salina, Salina Co. |
| James Johnston, Salina, | Johnson, James, | Johnson, James, |
| | MINNESOTA. | |
| | Stillwater Washington | Stillwater, Washington Co. |
| P. N. Peterson, Stillwater, | Peterson, P. M. (see St. Paul) | Peterson, P. M. (see St. Paul) |
| | Winona Winona | Winona, Winona Co. |
| Thurn & Co., Winona, | Thrum, Joseph, | Thrum, Joseph, |

| CLARK'S DIRECTORY. | CREDIT RATINGS 1894. | BLUE BOOK. |
|---|---|---|
| | NEBRASKA. | |
| | York York | York, York Co. |
| David & Kildow, York. | Kildaw, J. N. | Kildaw, J. N. |
| | NEW HAMPSHIRE. | |
| | Enfield Grafton | Enfield, Grafton Co. |
| G. F. Andrews, Enfield, | Buckley & McCormick | Buckley & McCormick |
| D. L. Tilton, " | Wells & Flanders | Wells & Flanders |
| | OHIO. | |
| | Hanovertown Columbiana | Hanovertown, Columbiana Co. |
| Sam'l Jackson. Hanoverton, | Jackson, Samuel, | Jackson, Samuel. |

The affidavit of Reed O. Oxnard (page 49 of the record) states that the arrangement in the Credit Ratings of the British provinces is substantially identical with that of said Clark's Directory. A comparison of the exhibits in this case show the following as the arrangement of four of the same in the three books:

| CLARK'S DIRECTORY. | CREDIT RATINGS. | BLUE BOOK. |
|---|---|---|
| British Columbia. | Newfoundland. | Newfoundland. |
| Manitoba. | Prince Edward Island. | Prince Edward Island. |
| New Foundland. | Manitoba. | Manitoba. |
| Prince Edward Island. | British Columbia. | British Columbia. |

Albert P. Worthen, for complainants.
Elder, Wait & Whitman, for defendant.

PUTNAM, Circuit Judge. The complainants have published annually for several years a book of credit ratings of the marble, granite, and stone dealers of the United States and Canada. The volume on which this bill was brought is that of 1894, which the case shows was delivered to 179 subscribers, the complainants receiving therefor $5,430. The stipulations between the complainants and subscribers on which the books were issued were that the book delivered to each subscriber was a loan, and was not sold; and that, if any copy was found in any other hands than those entitled to use it by permission of the complainants, the publishers might take possession of it, and thus all rights to its use by the subscriber would be annulled. The bill complains of infringement, and the present issue comes on an application for an interlocutory injunction.

The respondent claims that on its face the bill is demurrable, and that, on this hearing, he is entitled to the advantage of all the questions which could be raised on demurrer. We are disposed to yield that proposition, because, certainly, the court will not grant an interlocutory injunction on the face of a bill which it sees clearly could not be sustained on demurrer. The respondent, however, makes but one proposition which can properly be called a "proposition of law." He claims that, by reason of the special restriction on the use of the book to which we have referred, there never has been a publication, and that, therefore, the rights of the complainants are at common law. and not under the statutes, so that this court has no jurisdiction of this suit, both parties being citizens of Massachusetts. It should be said in this connection that, while the nature of the use of the complainants' book was sought to be limited in the manner which we have explained, there was no limit placed by the complainants on the extent or number of persons to whom the book

might be distributed under the conditions which they had provided. Though adapted specially for persons engaged in the trades of which we have spoken, yet even these are indefinite in number, and there is no evidence that the circulation was intended to be limited to them. In any view, it might be difficult to sustain this proposition, because, as the statute now stands, an author is compelled to complete his title to his copyright before publication, so there is at least one point of time, although it may be a very minute one, when the author, who has entitled himself to a copyright, is also entitled to look to the statutes of the United States for protection, notwithstanding he has not published. Indeed, it may well be questioned whether the mere fact that one has not published, and the consequential fact that he has a remedy at common law, deprive him of a concurrent remedy under the statute in the event that he has complied with all its requirements for obtaining a federal copyright. However, we do not rest the case on this point, because we are satisfied that there has been a publication.

The respondent cites on this point Scrut. Copyr. § 106, and relies on the well-known cases in each of which there was a private circulation of manuscripts, or of printed books, and yet it was held that the common-law right of the several authors was preserved. Scrutton on Copyright is far from precise on this topic, and it cannot be ascertained from what the author says that he intended to lay down a rule which meets the present case. The instances where the private circulation of manuscripts and printed books has been held not to amount to publication are so essentially different from the case in hand that we need not delay to point out the distinctions. Neither party has referred us to any decision covering this proposition which we regard as of authority in this court. Coppinger on Copyright (3d Ed.) lays down rules at least partially, if not wholly, defining publication within the meaning of the copyright statutes, which we think are more accurate than the expressions cited by the respondent from Scrutton. On page 117, in distinguishing the effect of a private and gratuitous circulation among friends, he says: "The distinction is in the limit of the circulation. If limited to friends and acquaintances, it would not be a publication; but if general, and not so limited, it would be." Again, on page 119, he says: "To constitute publication, it is necessary that the work shall be exposed for sale or offered gratuitously to the general public, so that any person may have an opportunity of enjoying that for which the copyright is intended to be secured." It is to be noticed that in this last citation the learned author expressly refrains from limiting the method of disposing of the publication to that of sale, and enumerates no elements necessary to constitute publication beyond those which exist in the case at bar. In Callaghan v. Myers, 128 U. S. 617, 646, 656, 9 Sup. Ct. 177, it appeared that, under the statutes of the state, the reporter of decisions, who claimed the copyright in that case, was required to supply to the secretary of state a certain number of copies for purposes expressly provided by law. The supreme court held such delivery to constitute publication, under the copyright statutes, although it did not appear that any copies

had been distributed from the secretary's office. This case, at least, goes so far as to hold that the mere fact that the delivery of copies of a book was under special limitations would not prevent the delivery from constituting a publication, provided the delivery insured that the public, or an indefinite portion of it, should, without further action on the part of the author, have access to it.

We know of no recognized practice under the copyright law which would enable the respondent to base upon it any general rule such as is claimed by him in this case. The determinations of various courts that, under some circumstances, the delivery of lectures, or the representation of plays, to such of the public as may attend, do not constitute publication, must be regarded as rather of an incidental character, arising undoubtedly to some extent from tenderness for authors, and not establishing any general rule. So far as concerns the interests of the public and the general policy of the copyright statutes, this case stands in all respects practically the same as though the complainants' publication had been sold by unrestricted titles; and there is no substantial reason why, if the complainants had not obtained copyrights, they should now be protected against infringers.

The respondent raises three issues of fact: First, whether the case shows that the advance copies were seasonably deposited in the mail for the purposes of the copyright statute; second, whether the complainants' work was of an original character, and otherwise of such character as might be copyrighted; and, third, whether there was infringement.

The first issue of fact involves a question not of substantial merit; and as it is beyond doubt that the complainants did forward advance copies so early that the respondent could not possibly be prejudiced by any alleged delay, the court ought not to require on this point any very direct proof. It is satisfied that the balance of probabilities, as shown by the evidence, is in favor of the complainants.

On the second issue, the work of the complainants was, of course, mainly in the nature of compilation, which they claim to have effected partly by interviews with gentlemen in the trade, but more largely by correspondence with attorneys and gentlemen of the trade at various points throughout the United States and Canada. It is well settled that compilations of this character are protected by the copyright statutes, even when they involve only industry, and no such degree of originality as is expected from authors of repute. Indeed, the quality and grade of original work required by the courts under the copyright statutes are very moderate. This is explained in Callaghan v. Myers, already referred to, 128 U. S. 617, 659, 660, 9 Sup. Ct. 177; and other late decisions of an interesting character in the same direction are Lamb v. Evans [1893] 1 Ch. 218, which was a case of a mere trade directory with a classification of advertisements, and Leslie v. Young [1894] App. Cas. 335, which was a case of a pamphlet containing information concerning railroad train service in a particular locality. We are satisfied that, on this point, the complainants make out a clear case, so far as the evidence now stands.

As to the third issue, on the matter of infringement, we are also satisfied that the complainants have made out a very striking and strong case on the proofs as they now stand, notwithstanding the sworn denial of the respondent. The evidence bearing on that proposition is very much of the character described by the supreme court in Callaghan v. Myers, ubi supra, at pages 660, 661, 662, 128 U. S., and page 177, 9 Sup. Ct., with some additional peculiarities affording inferences which are quite irresistible. We deem it proper, on these propositions of fact, not to state our views at length, because the same questions may come before us hereafter on final hearing, with additional proofs which may require a revision of our present findings. It is sufficient to say that, as the case now stands, on all these issues of fact, the proofs are quite as strong and convincing as are ordinarily required by the most careful judges in order to establish a right to an interlocutory injunction. Where so large a proportion of a copyrighted book is plagiarized as in the case at bar, no discussion is needed, in response to the proposition of the respondent that there was work done by him which was additional, as well as in the line of corrections. If any was necessary, it would be sufficient to refer again to Callaghan v. Myers, ubi supra, at pages 660, 661, 662, 128 U. S., and page 177, 9 Sup. Ct., and Leslie v. Young [1894] App. Cas. 335, 342, already cited. The facts thus relied on by the respondent, even if established, are too disproportionate to directly affect the case in any substantial matter, or to have weight as matter of evidence to affect it indirectly.

A partial, if not a complete, definition of the instances in which a court of equity will interfere because the threatened injury by a wrongful act will be irreparable, found in Parker v. Woollen Co., 2 Black, 545, 551, covers cases "where the loss of health, the loss of trade, the destruction of the means of subsistence, or the ruin of the property must ensue." The reasons for equitable interference in patent, trade-mark, and copyright cases are brought within this definition by the words, "the loss of trade." This, for reasons easily understood, involves injuries which it is impossible to compute by any rule of the law, or any practical rule whatever, or even to ascertain. Unless there is this special ground for equitable relief by injunction, a bill for that purpose will not lie even in patent cases. Belknap v. Schild, 161 U. S. 10, 26, 16 Sup. Ct. 443. Wherever equity has jurisdiction to grant an injunction by final decree, it has, of course, jurisdiction to grant interlocutory injunctions, though there are additional conditions of a peculiar character under which injunctions of an interlocutory nature may be granted, even though final relief is not asked for. The real basis of interlocutory injunctions is the maintenance of the status quo, as was pointed out by Judge Goff, speaking for the circuit court of appeals for the Fourth circuit, in Buskirk v. King, 18 C. C. A. 418, 72 Fed. 22, 25. When the result is simply to preserve the status quo, it may well be said, as was stated in the case cited, that, on an application therefor, the complainant "is not required to make out such a case as will entitle him to a decree in his favor on final hearing, and it sometimes happens that he ultimately fails to secure the relief asked for, while, nevertheless,

the granting of the preliminary injunction was eminently proper." To the same effect is Jensen v. Norton (decided by the circuit court of appeals for the Ninth circuit) 12 C. C. A. 608, 64 Fed. 662, 664. The difficulty in applying this rule, however, to patent, trade-mark, and copyright cases is that, with them, interlocutory injunctions do not ordinarily preserve the status quo. On the other hand, as it might happen in the case at bar, they sometimes operate to suspend temporarily the entire establishment or business of the respondent, and sometimes to so break them up as to result in permanent destruction. Therefore, in cases of this character, it has not ordinarily been sufficient merely to bring a complainant within the rules stated by Judge Goff, but, in addition thereto, the court ordinarily looks, for support of the complainant's case, either in long acquiescence by the public, or in some prior adjudication, or in some other special matter. Philadelphia Trust, Safe-Deposit & Ins. Co. v. Edison Electric Light Co. (decided by the circuit court of appeals for the Third circuit) 13 C. C. A. 40, 65 Fed. 551, 553. When, however, the case is so clear and strong as presented here, the complainant is usually entitled to the help of the court pending litigation, and usually he obtains that assistance by the way of an injunction.

But the law vests in no other individual holding an official position, whether executive, legislative, or judicial, a power more extensive, and more capable of evil, as well as of good, without defined rules either as to the law or the facts, than that which a single judge is so often asked to exercise in the manner asked in the case at bar. In view of this fact, and, further, in view of the varying and inconsistent expressions in relation to the proper occasions for exercising this power, the only true safety is in saying that a temporary injunction ought never to be granted in a case of new impression like this at bar, if it be possible to effectuate justice in any other way. The fact that the act establishing the circuit courts of appeals has somewhat relieved the anxiety of the courts of the first instance, asked to grant interlocutory injunctions, by giving a summary appeal, does not change our duty in these particulars. The care which judges and courts should exercise in using this summary power was suggested in the concluding expressions of the supreme court in Barnard v. Gibson, 7 How. 650, 658, expressions revived by the circuit court of appeals for the First circuit in Marden v. Manufacturing Co., 15 C. C. A. 26, 67 Fed. 809, 813. This was further illustrated in this court in an opinion passed down February 2, 1895, in Machine Co. v. Abbott, in the following language:

"The injunction pendente lite will be allowed; but rule 22 of this court must be accepted as an indication that the judges in this circuit have agreed to support, in all respects, the policy of the seventh section of the act establishing the circuit court of appeals, so far as practicable to do so, and to avoid closing the business of any defendant in a bill in equity by an interlocutory injunction, whenever an appeal is taken and a supersedeas bond may be allowed, except in peculiar cases where justice clearly requires otherwise. But for this, a single judge, sitting in the circuit court, might, under some circumstances, do as much mischief as though no appeal had been provided for by the seventh section referred to."

The case fails to impress the court with the necessity of granting the complainants, for their protection, an unconditional interlocutory

order. The respondent is not charged with attempting in any way to pass off his publication for that of the complainants. Indeed, not only the title-page and the short name given the respondent's book, but also its size and style of binding, prevent any probability of one being mistaken for the other. There is, therefore, no threatened injury to come from a counterfeiting of that character; so that we can apply the fact, which is matter of common knowledge, that publications of this peculiar character rely for their acceptance on the reputation of the compilers and publishers, and the circulation of them must ordinarily be the same whether protected by copyright or not. The court must therefore presume that, while the respondent's publication might obtain some circulation for which he may be liable to account to the complainants in the way of profits, yet such circulation would probably be in addition to any which the complainants would secure, even if they maintained a monopoly, and, consequently, not of such character as to cause them a substantial loss of trade. Therefore, in view of the lack of positive evidence of any pending irreparable injury, and, further, in view that, with reference to any claim of threatened injury, the complainants rely on the presumptions ordinarily arising in cases of this character, which presumptions are quite overcome by the peculiar circumstances of the case, we think a conditional order will accomplish all the ends of justice and sufficiently protect the complainants.

Ordered, there will be an interlocutory decree for an injunction as prayed for, unless respondent on or before the 23d day of April, 1896, files a bond to the complainants, with sureties approved by the clerk, in the penal sum of $2,000, conditioned for the payment of any sum, except costs, which may be finally decreed against the respondent in this court or on appeal.